[S. F. No. 12041. Department Two.—January 27, 1928.]

ALVIN R. FOURATT, Respondent, v. A. I. GOODMAN, Appellant.

Philip S. Ehrlich and Albert A. Axelrod for Appellant.

Wallace & Ames for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action on a promissory note for $300. In his answer the defendant alleged certain false and fraudulent representations on the part of the plaintiff in procuring the contract which was the basis of and consideration for the note. By way of cross-complaint the defendant set forth more particularly the fraud alleged in the answer and prayed that said promissory note be canceled and that the defendant receive from the plaintiff the sum of $7,200 on said cross-complaint.

The defendant was transacting business under the fictitious name of Goodman's International Importing and Exporting Company. On April 15, 1921, the plaintiff and the defendant entered into a contract whereby the plaintiff engaged to assume a qualified management of the defendant's business and was to receive as compensation therefor a graduated

percentage of the gross sales of the company. He served in that capacity until May, 1925. Shortly prior to February 16, 1925, a dispute arose between the parties with reference to the amount of money due the plaintiff under the contract of April 15, 1921, and the sales that had been made by the company. In an endeavor to compromise the controversy a conference was had between the plaintiff and the defendant in the office and under the direction of the defendant's attorney. A settlement was then and there agreed upon under which the defendant acknowledged his indebtedness to the plaintiff in the sum of $748.56 and the plaintiff agreed to accept as full settlement the sum of $148.56 in cash and two promissory notes for $300 each, one of which is the note sued on herein. Under date of February 16, 1925, a written contract was signed by the parties confirming the settlement shortly theretofore agreed upon, the same to constitute a full acquittance, the one against the other. In May, 1925, the plaintiff was injured in an automobile accident and the defendant had occasion to assume management of the affairs of the company. Upon an examination of the books of the concern he concluded that the plaintiff had been computing his commissions on an erroneous basis and had been retaining excessive amounts therefor. The plaintiff apparently did not return to the service of the defendant after his injury and this action was commenced in August, 1925.

The trial court found the allegations of the complaint to be true, and further found on the issues raised by the answer and cross-complaint that the plaintiff had not practiced any fraud upon or misled the defendant in the procurement of the settlement agreement of February 16, 1925. ██ It is the contention of the defendant that the findings are not supported by the evidence. It is insisted that the note here in suit was given by the defendant under the mistaken belief that he was still indebted to the plaintiff for compensation and that he would not have executed the same if he had known the facts. This phase of the controversy hinges largely on the correct method of the computation of commissions on sales under the original contract. If the computation were made according to plaintiff's contention he would have been entitled to $3,700 more than he received. If computations were made as contended for by the defend-

ant the plaintiff was overpaid. It was in evidence that at the time the compromise negotiations were pending the attorney for the defendant conceded that the original contract was ambiguous and could be construed in accordance with the contentions of either party. Whatever may have been the correct construction of the original contract the parties entered into negotiations for a settlement with full knowledge of the points in dispute. The compromise agreement was not rescinded or impeached by the evidence and as such operated as a bar to the reopening of the controversy under the original contract. (5 Cal. Jur., p. 401.)

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.