[Civ. No. 14741. First Dist., Div. One. Mar. 29, 1951.]

WELDON A. SCHMIDT et al., Appellants, v. NAOMI B. TOWNSEND, Respondent.

Callaghan, Giannini & Anello for Appellants.

Richard W. Stevens and Chester E. Ross for Respondent.

PETERS, P. J.—This is a motion to dismiss an appeal on the ground that the order appealed from is not appealable. The pertinent dates are as follows:

*June 21, 1950*—cause called for trial. The minutes of the court for that day show that the attorney for the plaintiffs "objected to the fact that no jury was in attendance despite his request for one, said objection being made for the record. Motion denied. . . . (The trial then proceeded.) . . ."

*July 1, 1950*—plaintiffs filed a notice of appeal "from that certain order made and entered by the Court in this action on the 21st day of June, 1950, denying the plaintiffs the right to trial by jury in the above-entitled matter."

*July 29, 1950*—findings of fact made and judgment entered.

*December 7, 1950*—defendant and respondent filed her notice of intention to move for a dismissal of the appeal.

*January 15, 1951*—plaintiffs and appellants filed opposition to the motion to dismiss.

No appeal was taken from the judgment of July 29, 1950, and the time to appeal therefrom has long since expired. Respondent urges that the order denying a jury trial is not separately appealable and must be reviewed, if at all, on an appeal from the judgment. This is clearly the law. The order denying a jury trial is not made appealable by section 963 of the Code of Civil Procedure. Such an interlocutory order is therefore not appealable, but is reviewable only upon appeal from the final judgment. (*In re Robinson,* 106 Cal. 493 [39 P. 862]; *Stern* v. *Hillman,* 115 Cal.App. 156 [300 P. 972]; *Mutual Bldg. & Loan Assn.* v. *Corum,* 220 Cal. 282 [30 P.2d 509]; *In re Fife,* 110 Cal. 8 [42 P. 299].) Since appellants have seen fit to appeal from the nonappealable order and have not appealed from the judgment, it is apparent that no appeal is pending and the purported appeal from the nonappealable order must be dismissed.

Appellants have filed opposition to the motion. They do not urge that the order denying their motion for a jury trial is appealable, but do claim that the motion to dismiss the appeal should be dismissed because counsel for appellants are inexperienced in appellate matters, did not mislead respondent, and intended to appeal from that portion of the judgment denying their motion for a jury trial. While notices of appeal must be liberally construed to permit, if possible, a hearing on the merits, and no technicality should prevent such a hearing (*Holden* v. *California Emp. etc. Com.,* 101 Cal.App.2d 427 [225 P.2d 634]), this court has no power to make appeal-

able an order which is nonappealable. The problem is one of jurisdiction. If appellants appealed from a nonappealable order we cannot remedy the defect. We cannot consider an appeal where none was taken.

Appellants seek some solace out of rule 2(c) of the Rules on Appeal. As that rule read prior to its amendment on January 1, 1951, it provided "A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry." This rule can have no application to the facts here involved for two reasons:

1. The rule is predicated on the concept that a premature appeal from a *judgment* has been filed. Here the appeal was not from the judgment, but from a nonappealable order.

2. By its very terms the rule applies only to a premature filing of a notice of appeal from a judgment "after its rendition." Here the notice of appeal was filed long before findings were filed and therefore was filed prior to rendition of judgment. The January, 1951, amendments to rule 2(c) are not applicable to this case.

The appeal is dismissed.

Bray, J., and Wood (Fred B.), J., concurred.