[Civ. No. 16000.   First Dist., Div. Two.   June 23, 1954.]

RAYMOND L. SMITH, Appellant, v. JOHN KERWIN SMITH, as Executor, etc., Respondent.

Enrico Dell'Osso for Appellant.

Haley, Schenone & Tucker for Respondent.

NOURSE, P. J.—This is an action on an oral agreement to leave property to plaintiff in consideration of services to be rendered and in *quantum meruit,* instituted against the executor of the estate of one of the promisors. The court by order of May 20, 1953, sustained a demurrer to plaintiff's second amended complaint without leave to amend. Notice of appeal from said order was filed on July 10, 1953. On October 15, 1953, a judgment for defendant was entered on the demurrer sustained.

Since no appeal lies from an order sustaining demurrer (*Taliaferro* v. *Wampler,* 118 Cal.App.2d 391 [257 P.2d 674]), we interpret the notice of appeal as intended to take an appeal from the judgment as that is what the parties have assumed.

The second amended complaint was in two counts. The first count alleged in substance that on or about October 14, 1918, John E. Geary and Mary E. Geary, husband and wife, were the owners of certain real and personal property in Alameda County, that they had no children and wished plaintiff, their nephew, who had lived with them since he was 3 years old and who was then approximately 18 years old and completing his last year in high school, to assume the responsibility for the management, cultivation, planting, development and improvement of their property and for the management, direction, breeding, development and sale of livestock, milk and milk products from their herds of stock and that he should establish a residence of his own on their premises for that purpose as they would have had a son of their own do. That in return for said services John and Mary Geary would each make a will which would leave all of their property to the survivor of them and all remaining at the death of the survivor to plaintiff; moreover, plaintiff was to receive $200 per month as wages.

That plaintiff entered into this oral agreement and in reliance thereon gave up his plan for further education and

a career in the field of business and banking, with knowledge of which plans his uncle and aunt had helped to finance his high school education, moved on their premises and performed all services in accordance with said agreement from October 14, 1918, until December 1, 1932. That appellant during that period expended $10,000 on the development and improvement of the property with the approval of the Gearys, who assured him that the oral agreement would be carried out and that he eventually would have all of the property.

That plaintiff's change of position was of great detriment to him and of great benefit to his uncle and aunt. That because of his close relationship to them the services rendered by him are not measurable by any money standard. That plaintiff has performed all that was required under said oral agreement. That the Gearys never repudiated the agreement or informed appellant that they did not intend to perform it. That in reliance on the agreement plaintiff did not commence action during the lifetime of either of them.

That John E. Geary died on October 20, 1949, leaving by his last will all his estate to Mary E. Geary. That Mary E. Geary died on January 27, 1952, leaving a last will which left all her estate to her husband and if he should predecease her to his nephews John Kerwin Smith and Leland Gary Smith and their mother Mary K. Smith, or the survivor or survivors of them in equal parts. That John Kerwin Smith qualified as executor of the estate of Mary E. Geary, deceased.

The prayer, among other things, is that the executor be ordered to specifically perform the agreement stated above, that he account for the rents and profits of the properties and that he and the beneficiaries under the will of Mary E. Geary be declared constructive trustees for the benefit of appellant.

The second count incorporates all the allegations of the first count and further alleges that the reasonable value of plaintiff's services and of the materials and supplies provided by him is $43,600, of which he did not receive any part, with prayer for that amount with interest.

Normally oral agreements to devise or bequeath any property or to make any provision for any person by will are unenforceable under the statute of frauds in the absence of a written memorandum thereof. (Civ. Code, § 1624, subd. 6; Code Civ. Proc., § 1973, subd. 6.) ■ However, under special circumstances which cause an estoppel to assert the statute of frauds, quasi-specific enforcement of such an oral contract will be permitted on an equitable basis. ■ Appellant

concedes that "To enforce an oral contract to bequeath or devise property in equity by quasi-specific performance, it must be shown that the contract is definite and certain, the consideration adequate . . . that the character of the services is such that a money payment would not furnish adequate compensation to the plaintiff, that there is such a change in the plaintiff's condition and relations in reliance on the contract that a refusal to complete the contract would be a fraud upon him. . . ." (*Walker* v. *Galloway,* 99 Cal.App.2d 675, 681 [222 P.2d 455] and cases there cited.) The allegations of the first cause of action, which is of the character described as for quasi-specific performance, do not satisfy the above requirements.

The first defect is the absence of all determination of the duration of the services to be rendered. Literally interpreted the contract would not require appellant to do more than start his service on the property and continue it for any period he would desire, however short. Evidently such a performance would be a completely inadequate consideration for the very valuable promises of the decedents. Normally agreements of this kind require the party who is promised property to be left by will to continue his services until the death of the testator. (*Chahon* v. *Schneider,* 117 Cal.App.2d 334, 336 [256 P.2d 54].) This is not the case here. The services of appellant were terminated in a manner and for a reason not alleged nearly 20 years before the death which allegedly entitled him to receive the remaining property of the promisors. If neither a performance terminable at the will of either party nor a performance until the death of the last surviving promisor was intended, then there is in the agreement no measure whatever for the duration of the required performance. In that respect the contract is indefinite and uncertain, and the uncertainty as to appellant's duty under the contract causes his promise to be an inadequate consideration for the decedents' promise to leave all their remaining assets to him and causes the alleged contract to be unfair. Even independent from the statue of frauds similar defects were held to justify the sustaining of a demurrer to a complaint for quasi-specific performance of an agreement to bequeath all property by will in *Parsons* v. *Cashman,* 23 Cal.App. 298 [137 P. 1109, 1111]; *Owens* v. *McNally,* 113 Cal. 444, 451 [45 P. 710, 33 L.R.A. 369] and *Baumann* v. *Kusian,* 164 Cal. 582, 587 et seq. [129 P. 986, 44 L.R.A.N.S. 756].

Appellant relies mainly on *Monarco* v. *Lo Greco,* 35 Cal.2d 621 [220 P.2d 737]. The family venture to which the promisee in that case devoted his life in reliance on the promise that it would finally became his own was so successful that an investment of $4,000 yielded approximately $100,000 worth of property. Here there is no allegation as to any success of plaintiff's management which benefited the decedents and therefore no allegation of unjust enrichment by his services. There is nothing in *Palmer* v. *Phillips,* 123 Cal.App.2d 291 [266 P.2d 850] that can aid the appellant.

The expending of $10,000 on the development and improvement of the property is not stressed on appeal. Correctly so. Such expenditures can be recovered in *quantum meruit* and did not give rise to a resulting trust but at most to an equitable lien upon the property for the amount of the advances. (Restatement, Trusts, § 454, comment o.) No action on such lien in accordance with section 716 Probate Code with waiver of recourse against other property of the estate is instituted in this case. It is not even alleged that the property on which the improvements were made still formed part of the estate of decedent.

The second count of the complaint, in *quantum meruit,* which does not allege the filing of a claim against the estate, for that reason alone fails to state a cause of action. (*Palmer* v. *Phillips, supra,* 123 Cal.App.2d 291; *Chahon* v. *Schneider, supra,* 117 Cal.App.2d at p. 346; *Morrison* v. *Land,* 169 Cal. 580, 585 [147 P. 259]; *De Mattos* v. *McGovern,* 25 Cal.App.2d 429, 433 [77 P.2d 522].)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.