[Civ. No. 5361.   Fourth Dist.   Mar. 19, 1957.]

MORRIS FUTLICK, Appellant, v. F. W. WOOLWORTH COMPANY (a Corporation) et al., Respondents.

Morris Futlick, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine, Assistant Attorney General, Ernest P. Goodman and Harry W. Low, Deputy Attorneys General, Adrian A. Kragen and Sho Sato for Respondents.

MUSSELL, J.—This is an action in which plaintiff in his first amended complaint for injunctive relief sought to enjoin the F. W. Woolworth Company from collecting city of Fresno and State of California sales taxes in excess of the amount authorized by the Sales and Use Tax Law of California and by a Fresno city ordinance. Plaintiff also sought to enjoin Robert C. Kirkwood, the controller, and the State Board of Equalization from authorizing or recommending the use of a particular sales tax reimbursement schedule. A general demurrer to the original complaint was filed by defendant F. W. Woolworth Company alleging that the complaint did not state facts sufficient to constitute a cause of action and this demurrer was sustained with leave to amend. Following the filing of plaintiff's first amended complaint, defendants Woolworth Company, the State Board of Equalization and Robert C. Kirkwood, Controller, filed demurrers to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action against them or any of them. This demurrer was sustained without leave to amend by order of the court on March 22, 1956. On March 23, 1956, plaintiff filed a notice of appeal from this order. On April 6, 1956, the trial court entered and filed a judgment that plaintiff take nothing by his action and that judgment be entered for defendants Robert C. Kirkwood and the State Board of Equalization. On April 13, 1956, judgment was entered dismissing the amended complaint and ordering judg-

ment for F. W. Woolworth Company. No appeal was taken by plaintiff from either of these judgments.

Appellant's notice of appeal was filed prior to the entry of the judgment herein and there is no reference in the notice of appeal to a judgment from which an appeal may be taken. The notice specifically states that the ". . . (p)laintiff in the above-entitled action hereby appeals to the Supreme Court of the State of California from the order sustaining the Demurrer of defendants, without leave to amend and entered in the said above-entitled court, from which appeal is taken on the 22nd day of March, 1956, in favor of defendants and against said plaintiff and from the whole of said order.

The order sustaining the demurrer without leave to amend is not an appealable order and this court must therefore dismiss the appeal. (*Cole* v. *Rush*, 40 Cal.2d 178 [252 P.2d 1]; *Evans* v. *Dabney*, 37 Cal.2d 758, 759 [235 P.2d 604]; *Madsen* v. *Turlock Irr. Dist.*, 56 Cal.App.2d 742 [133 P.2d 416].)

As is said in *Schmidt* v. *Townsend*, 103 Cal.App.2d 185, 186-187 [229 P.2d 488]:

"While notices of appeal must be liberally construed to permit, if possible, a hearing on the merits, and no technicality should prevent such a hearing (*Holden* v. *California Emp. etc. Com.*, 101 Cal.App.2d 427 [225 P.2d 634]), this court has no power to make appealable an order which is nonappealable. The problem is one of jurisdiction. If appellants appealed from a nonappealable order we cannot remedy the defect. We cannot consider an appeal where none was taken."

In *Wilbur* v. *Cull*, 127 Cal.App.2d 655, 656 [274 P.2d 424], the court said:

"The document which purported to take an appeal from the order denying a new trial was so specific in its reference to that order and to the date of its entry, that it cannot be given any effect as an appeal from the judgment; and of course since the order denying a mistrial was not an appealable order the document was completely abortive."

The purported appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.