[Civ. No. 18116.   First Dist., Div. One.   Mar. 26, 1958.]

JOHN EVOLA, Appellant, v. WENDT CONSTRUCTION COMPANY (a Corporation) et al., Defendants; UNITED PACIFIC INSURANCE COMPANY, Respondent.

Sol S. Judson and Henry Miller for Appellant.

Weinstock, Anderson, Maloney & Chase for Respondent.

PETERS, P. J.—This is a motion to dismiss the appeal either because the order appealed from is nonappealable, or because the appeal, in any event, has been abandoned.

The plaintiff filed a two count complaint, the first count seeking judgment against Wendt Construction Company and its surety, United Pacific Insurance Company, and the second seeking judgment against Builders' Control Service. After a first amended complaint had been filed, the court on July 12, 1957, sustained, without leave to amend, a demurrer of the United Pacific Insurance Company to the first cause of action. On August 9, 1957, judgment by default was entered in favor of plaintiff and against Wendt Construction Company. On August 12, 1957, the plaintiff appealed "from the Order Sustaining Demurrer Without Leave to Amend plaintiff's First Amended Complaint to First Cause of Action." On September 6, 1957, the court entered its judgment dismissing the complaint against United Pacific Insurance Company. On November 13, 1957, the plaintiff filed an abandonment of his appeal with the county clerk "without prejudice to any future appeal." On the same day, he induced the trial court to enter a second judgment on its order of July 12th sustaining the demurrer without leave to amend. On November 14, 1957, plaintiff purported to appeal from that judgment.

Plaintiff then acquired knowledge of the entry of the first judgment. He now realized that the abandonment of his first

appeal had been a mistake. On November 22, 1957, he filed a notice of motion to correct the date of entry of the judgment from September 5, 1957 (should be September 6th) to November 13, 1957, and to vacate the abandonment of the appeal. On December 4, 1957, the trial court denied the motion to correct the date of the judgment but granted the motion to vacate the abandonment of the appeal. After the plaintiff had filed his opening brief on the appeal defendant moved to dismiss the appeal on the grounds stated.

Without reference to what effect, if any, the abandonment of the appeal may have had, the first question presented is whether the appeal of August 12, 1957, can be considered an appeal from the judgment of September 6, 1957. There can be no doubt that the notice of appeal of August 12, 1957, was an attempt to appeal from a nonappealable order. ■■■ An order sustaining a demurrer without leave to amend is a nonappealable order. (*Jeffers* v. *Screen Extras Guild, Inc.,* 107 Cal.App.2d 253 [237 P.2d 51]; *Kennedy* v. *Owen,* 85 Cal. App.2d 517 [193 P.2d 141]; *Futlick* v. *F. W. Woolworth Co.,* 149 Cal.App.2d 296 [308 P.2d 405]; *Lavine* v. *Jessup,* 48 Cal. 2d 611 [311 P.2d 8].) The appeal can properly be taken only from the judgment of dismissal. Such a judgment was not entered until September 6, 1957. No appeal was taken from that judgment within the 60 days provided by rule 2(a) of the Rules on Appeal. Prior to 1951 there can be no doubt that under such circumstances the appeal from the order sustaining the demurrer would have to be dismissed. (*Schmidt* v. *Townsend,* 103 Cal.App.2d 185 [229 P.2d 488].) Prior to 1951 relief from the filing of a premature notice of appeal could only be granted under rule 2(c) as it then read. The rule then provided:

"A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry." Of course, when the appeal is taken from the order sustaining a demurrer before judgment has been entered, this rule could not protect the appellant, because the then rule only applied where the notice of appeal was filed "prior to entry of the judgment, but after its rendition." That was the precise holding of *Schmidt* v. *Townsend,* 103 Cal.App.2d 185 [229 P.2d 488]. But in 1951 a new sentence was added to rule 2(c). That new sentence reads: "A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good

cause, be treated as filed immediately after entry of the judgment."

The rule, as thus amended, would seem to apply to the situation here presented. The notice of appeal was certainly filed "prior to rendition of the judgment." It is also clear that this was "after the judge has announced his intended ruling" because he had already entered his order sustaining the demurrer without leave to amend. Thus, the instant situation falls directly and literally within the language of the rule.

Respondent urges, however, that the rule as amended was only intended to apply when the premature notice of appeal can be reasonably interpreted to describe the judgment subsequently entered, and cannot be used when the premature notice of appeal describes an order which is itself nonappealable. In the instant case the premature notice of appeal did state that the appeal was from the order sustaining the demurrer and there is no language in the notice that can be interpreted to refer to the judgment subsequently entered.

We do not agree with respondent. There may be many situations where a notice of appeal from a nonappealable order cannot and should not be treated to be a notice of appeal from a judgment subsequently entered. In many situations there might be doubts as to just what the appellant was seeking to have reviewed. But there is no doubt in the instant case. Clearly, the appellant was seeking to have reviewed the propriety of the order sustaining the demurrer without leave to amend. In fact, he so stated in the notice of appeal. He should have waited until a judgment was entered. But by incorrectly stating that he was appealing from the order instead of from the judgment, he should not be precluded from securing a review of what all concerned knew he was seeking to have reviewed. No one was misled. No prejudice to the respondent appears. Respondent is simply trying to take advantage of a mistake made by appellant. While respondent is not to be censured because of making this attempt, this court should not aid respondent unless compelled to do so by controlling principles of law. Even before 1951 this court held that an incorrect designation of the order appealed from and a wrong date would not invalidate a notice of appeal. (*Holden* v. *California Emp. etc. Com.*, 101 Cal.App.2d 427 [225 P.2d 634].)

There is case authority to support the position here taken.

In *Smith* v. *Smith,* 126 Cal.App.2d 194 [272 P.2d 118], the trial court on May 20, 1953, sustained a demurrer. Notice of appeal from that order was filed July 10, 1953. The judgment was not entered until October 15, 1953. The court very briefly disposed of the point here involved with the following comment (p. 195) :

"Since no appeal lies from an order sustaining demurrer [citing a case], we interpret the notice of appeal as intended to take an appeal from the judgment as that is what the parties have assumed."

It is true that there is contrary authority. In *Futlick* v. *F. W. Woolworth Co.,* 149 Cal.App.2d 296 [308 P.2d 405], the factual situation was precisely like the situation here presented and also similar to that presented in the Smith case, *supra.* The appellate court dismissed the appeal, holding that since the order sustaining the demurrer was not appealable "this court must therefore dismiss the appeal." The court made no reference to rule 2(c), and did not refer to the prior case of *Smith* v. *Smith, supra.* It placed its main reliance on the case of *Schmidt* v. *Townsend,* 103 Cal.App.2d 185 [229 P.2d 488], quoting from that case at some length. But the Schmidt case was decided under rule 2(c) as it read prior to the 1951 amendment to that rule. The court was careful to point out that the "January, 1951, amendments to rule 2(c) are not applicable to this case." (P. 187.) For these reasons the Futlick case cannot be considered determinative of the present motion.

It is our opinion that rule 2(c) is here applicable. Exercising the discretion conferred on this court by that rule, we therefore hold that the notice of appeal from the order sustaining the demurrer should be treated as a notice of appeal from the judgment subsequently entered on September 6, 1957.

■ Respondent next contends that the appeal has been abandoned. It is true that on November 13, 1957, the plaintiff, under rule 19(a) filed an abandonment of the appeal. That rule provides that at any time before the filing of the record in the reviewing court the appellant may file with the county clerk an abandonment of the appeal. Such filing "shall operate to dismiss the appeal and to restore the jurisdiction of the superior court." Thereafter, on November 22, 1957, appellant moved to vacate the abandonment of the appeal. It is averred by appellant in the accompanying affidavit that the abandonment was filed after a search of the file had failed to disclose the existence of the judgment

of September 6, 1957, and in the belief, based upon reasonable grounds fully set forth in the affidavit, that no judgment had been entered. This is substantiated by the fact that appellant convinced the trial court that no such judgment had been entered because the trial court entered a second judgment. Then when it was discovered a prior judgment had been entered appellant immediately moved to vacate the abandonment of his first appeal. The trial court obviously believed that the abandonment had been filed under a reasonable misapprehension and because of excusable neglect because, on December 4, 1957, it entered its minute order granting the motion to vacate. This minute order recites that "the Court having fully considered same and being duly advised in the premises, orders that said motion to vacate abandonment of appeal be and the same is hereby granted." By so vacating the abandonment, jurisdiction of the appeal was revested in the appellate court.

Respondent contends that the notice of appeal filed November 14, 1957, from the judgment of November 13, 1957, operated to deprive the trial court of jurisdiction over the proceeding so that it had no power to vacate the abandonment of the appeal taken from the order of July 12, 1957, citing *Kalmus* v. *Kalmus,* 103 Cal.App.2d 405 [230 P.2d 57]. But while it is true that when a case is pending in the appellate court the trial court is without jurisdiction to vacate the judgment, that rule is not here applicable. The judgment of November 13, 1957, was a nullity. A judgment had already been entered on September 6, 1957. The notice of appeal from that second judgment was also null and void. In November of 1957 the only thing pending was an appeal from the order of July 12, 1957, which we have interpreted as an appeal from the judgment of September 6, 1957. The abandonment revested jurisdiction of that appeal in the trial court. Thus, the trial court had jurisdiction to vacate the abandonment because it still had jurisdiction of the appeal. As already held, such actions revested the jurisdiction of this court.

The motion to dismiss the appeal is denied.

Bray, J., and Wood (Fred B.), J., concurred.