[Civ. No. 21192.    First Dist., Div. One.    June 3, 1964.]

A. L. CASTLE, INC., et al., Plaintiffs and Appellants, v.
COUNTY OF SAN BENITO, Defendant and Respondent.

Hession, Robb, Creedon, Hamlin & Kelly and Richard T. LemMon for Plaintiffs and Appellants.

Popelka, Graham & Hanifin, Bernard J. Allard and Fred J. Graham for Defendant and Respondent.

BRAY, P. J.—Plaintiffs appeal from "JUDGMENT ON ORDER SUSTAINING DEMURRER WITHOUT LEAVE TO AMEND."

### QUESTIONS PRESENTED.

1. Is the judgment appealable?

2. Does the County of San Benito have immunity under Civil Code section 22.3 in this action based on negligence?

### RECORD.

The complaint seeks damages for the destruction of tomato seed and cauliflower seed crops caused by the alleged negligence of defendant San Benito County in the use of chemical solutions.

Defendant filed an answer and cross-complaint. In its answer "AS AND FOR A FURTHER, SEPARATE DEFENSE AND BY WAY OF GENERAL DEMURRER TO THE COMPLAINT" defendant alleged that the complaint did not state a cause of action. The court signed an order on November 1, 1962, sustaining the demurrer without leave to amend on that ground, and stating "The County has immunity under Civil Code section 22.3."

On November 13 an order was signed by the judge and entered on November 14, which order recited that defendant's demurrer to plaintiffs' complaint had been sustained without leave to amend on November 1, and then stated "NOW, THEREFORE, IT IS ORDERED ADJUDGED AND DECREED that plaintiffs take nothing by this action." A "JUDGMENT ON ORDER SUSTAINING DEMURRER WITHOUT LEAVE TO AMEND" dated November 26 was entered November 27. This judgment recited the sustaining of the demurrer without leave to amend on November 1 and there stated, "NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs . . . take nothing by this action from said defendant COUNTY OF SAN BENITO." Thereafter plaintiffs filed "NOTICE OF APPEAL" stating that they appealed from the order filed November 14, 1962 "sustaining the demurrer of the defendant County of San Benito without leave to amend and ordering, adjudging and decreeing that plaintiffs take nothing by this action."

### 1. ORDER APPEALABLE.

Defendant contends that the order filed November 14

referred to in plaintiffs' notice of appeal is a nonappealable order. (See 3 Witkin, Cal. Procedure, Appeal, § 19, p. 2162 [1963 Supp. p. 714].) Defendant is correct. However, the judgment entered a few days later, November 27, is appealable.

The California courts in an endeavor to permit a dissatisfied litigant to have his day in court upon appeal now interpret notices of appeal liberally and where it is evident from the notice of appeal that the appellant intended to appeal from an appealable order and that the respondent has not been injured, the courts have construed the notice of appeal to apply to the appealable order or judgment if there is such of record. Thus, in *Smith* v. *Smith* (1954) 126 Cal.App.2d 194 [272 P.2d 118], where the notice of appeal referred to the nonappealable order sustaining demurrer without leave to amend, and where a judgment on that order was of record, the court stated: ''Since no appeal lies from an order sustaining demurrer (*Taliaferro* v. *Wampler*, 118 Cal.App.2d 391 [257 P.2d 674]), we interpret the notice of appeal as intended to take an appeal from the judgment as that is what the parties have assumed.'' (P. 195.)

*Collins* v. *City & County of San Francisco* (1952) 112 Cal. App.2d 719 [247 P.2d 362], dealt with a similar situation. The notice of appeal recited that the appeal was taken from the order sustaining demurrer without leave to amend. This court, stating that ''notices of appeal should be liberally construed to permit, if possible, a hearing on the merits'' (p. 722) held that the notice of appeal was effective as to the judgment entered on that order. (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 580 [30 Cal.Rptr. 534, 381 P.2d 390]; see also *Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289]; Witkin, Cal. Procedure [1963 Supp, pp. 762-763].)

In *Futlick* v. *F. W. Woolworth Co.* (1957) 149 Cal.App.2d 296 [308 P.2d 405], the notice of appeal stated that the appeal was from the order sustaining demurrer without leave to amend, and the court refused to consider it as an appeal from the judgment later entered. This decision is contra to those above mentioned, and does not discuss *Smith* or *Collins, supra*, both of which cases were decided prior to *Futlick*. *Futlick* is based primarily upon *Schmidt* v. *Townsend* (1951) 103 Cal.App.2d 185 [229 P.2d 488], which is referred to in *Collins, supra*, page 722, but not followed.

In *Estate of Roberson* (1952) 114 Cal.App.2d 267 [250 P.2d 179], it was held that a notice of appeal from orders

denying motion for nonsuit, motion for directed verdict, motion for judgment notwithstanding the verdict, motion for new trial and from verdict of the jury, were all nonappealable matters. The notice made no mention of the judgment which had been entered two months previously. In the notice to prepare clerk's and reporter's transcript, a large number of documents and proceedings were requested, but the judgment was not included. The court dismissed the appeal on the ground that this notice of appeal could not be construed to be an appeal from the judgment, saying (p. 270): ''The most that can be said concerning this notice, respecting an appeal from the judgment, is that the one who prepared it thought he had theretofore appealed from the judgment by appealing from the verdict. In our opinion, it would open the door to all manner of abuses to hold that a substantial compliance with this rule here appears, insofar as an appeal from the judgment is concerned.'' The rule set forth in *Luz* v. *Lopes, supra,* and *Beazell* v. *Schrader, supra,* is more consonant with the liberal interpretation which should be put on notices of appeal. We prefer to follow that rule rather than that of *Futlick* or *Roberson.* We therefore interpret the notice of appeal in this case to apply to the judgment.

2. GOVERNMENTAL IMMUNITY.

Plaintiffs' cause of action accrued in May 1960. February 27, 1961, the Supreme Court's decision in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], became final. Plaintiffs filed this action on May 5, 1961. By section 22.3, Civil Code, enacted by Statutes 1961, chapter 1404, page 3209, section 1, the *Muskopf* decision was suspended and sovereign immunity was again made the rule of decision in this state during the effective period of the statute.[1] Section 22.3, Civil Code, expired by its terms on the

---

[1]Section 22.3, Civil Code, provides: ''The doctrine of governmental immunity from tort liability is hereby re-enacted as a rule of decision in the courts of this State, and shall be applicable to all matters and all governmental entities in the same manner and to the same extent that it was applied in this State on January 1, 1961. This section shall apply to matters arising prior to its effective date as well as to those arising on and after such date.

''As used in this section, the doctrine of 'governmental immunity from tort liability' means that form of the doctrine which was adopted by statute in this State in 1850 as part of the common law of England, subject to any modifications made by laws heretofore or hereafter enacted and including the interpretations of that doctrine by the appellate

91st day after the adjournment of the regular session of the 1963 Legislature. That session adjourned on June 21, 1963, making the expiration date on or about September 22, 1963.

Prior to the expiration date of section 22.3, Civil Code, the Legislature enacted sections 810 et seq. of the Government Code which were effective September 20, 1963. These sections deal comprehensively with the subject of sovereign immunity. Whether defendant county is now subject to suit in conformity with these sections had not been passed upon by the court below and consequently is not before the court here. The issue confronting this court is whether the action previously instituted was improperly dismissed with prejudice on the ground that defendant had immunity under section 22.3, Civil Code, as it then existed.

In *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488 [20 Cal.Rptr. 621, 370 P.2d 325], the plaintiff had suffered injuries sustained in 1958 allegedly as a result of the defendant hospital's negligence. The Supreme Court in *Mus-*

---

courts of this State in decisions rendered on or before January 1, 1961.'' (Added by Stats. 1961, ch. 1404, p. 3209, § 1.)

Stats. 1961, ch. 1404, also provides: ''Sec. 2. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are severable.

''Sec. 3. Section 1 of this act shall remain in effect until the 91st day after the final adjournment of the 1963 Regular Session of the Legislature, and shall have no force or effect on and after that date.

''Sec. 4. (a) On or after the 91st day after the final adjournment of the 1963 Regular Session of the Legislature, an action may be brought and maintained in the manner prescribed by law on any cause of action which arose on or after February 27, 1961, and before the 91st day after the final adjournment of the 1963 Regular Session, and upon which an action was barred during that period by the provisions of this act, if and only if both of the following conditions are met: (1) a claim based on such cause of action has been filed with the appropriate governmental body in the manner and within the time prescribed for the filing of such claims in Division 3.5 (commencing with Section 600) of Title 1 of the Government Code, and (2) the bringing of the action was barred solely by the provisions of this act and is not barred by any other provision of law enacted subsequent to the enactment of this act.

'' (b) The statute of limitations otherwise applicable to the bringing of an action allowed pursuant to subdivision (a) of this section shall commence to run on or after the 91st day after the final adjournment of the 1963 Regular Session of the Legislature.

'' (c) Nothing in this section shall be deemed to permit an action on, or to permit reinstatement of, a cause of action that is barred prior to the effective date of this act or as to which a claim has not been filed with the appropriate governmental body as required by law.''

*kopf* had decided that the doctrine of governmental immunity no longer applied to the defendant public agency, reversing a judgment in favor of the defendant against the plaintiff. Thereafter, the defendant hospital petitioned the Supreme Court for a writ of mandate preventing the superior court from proceeding with the action after the *Muskopf* decision. The Supreme Court granted the writ, holding, *inter alia*, that the statute of 1961 (Civ. Code, § 22.3 and the remaining portions of the act, see *supra*) suspended all causes of action against public agencies which accrued before February 27, 1961. (P. 494.) The court then stated at pages 496-497: ''The procedure by which the temporary suspension of causes of action is to be accomplished must, of course, give full effect to the legislative intent without impairing the orderly administration of justice. Absent further legislation, cases coming within the statute should be continued and not brought to trial until after the specified date in 1963. In the interim the parties may file pleadings if they so desire and may resort to proceedings for the discovery and perpetuation of evidence in accordance with the sections of the Code of Civil Procedure (§ 2016 et seq.) relating to that subject.''

In *Lattin* v. *Coachella Valley County Water Dist.* (1962) 57 Cal.2d 499 [10 Cal.Rptr. 628, 370 P.2d 332], the Supreme Court reversed a judgment on the pleadings in favor of the defendant on the ground that such judgment should not have been rendered in view of the 1961 legislation. See *Robinson* v. *Smith* (1962) 211 Cal.App.2d 473, 486 [27 Cal.Rptr. 536], where the court reversed a judgment based on an order sustaining a demurrer without leave to amend, which was made on the ground that section 22.3, Civil Code, granted the defendant city and defendant city police officers immunity. The court referred to *Thelander* v. *Superior Court* (1962) 58 Cal. 2d 811 [26 Cal.Rptr. 643, 376 P.2d 571], in which the court annulled an order granting to the defendant state time to plead to a complaint in a negligence action, until 30 days after the 91st day after final adjournment of the 1963 regular session of the Legislature. Referring to *Thelander* the court said (p. 486): ''It stated that the language in the *Corning* case [57 Cal.2d 488] cannot properly be interpreted to change the ordinary rules of procedure governing the filing of the responsive pleadings; that as to whether plaintiffs could file their complaint immediately or must wait until the expiration of the suspension period in 1963, the court determined that they could have a choice; that until the

Legislature acts to change the substantive law relating to governmental immunity, the decision in *Muskopf* v. *Corning Hospital Dist., supra,* 55 Cal.2d 211, was the law and its effect was merely suspended by the 1961 legislation and that it follows *that a demurrer on the ground of governmental immunity should be overruled in any case coming within the Muskopf rule,* and that governmental bodies should be required to answer, and that if additional legislation is enacted during the moratorium period making governmental immunity applicable in such cases, a judgment on the pleadings would be proper.''

The trial court sustained the demurrer in the case at bench on the ground that section 22.3 which was then in effect, granted defendant county sovereign immunity. But as hereinbefore shown, that section merely suspended until September 20, 1963, the cause of action alleged in plaintiffs' complaint. Hence the order and judgment are reversed and the cause remanded to the trial court for determination of the effect on the alleged cause of action of sections 810 et seq. of the Government Code.

Sullivan, J., and Molinari, J., concurred.