[Civ. No. 25181. Fourth Dist., Div. Two. Jan. 14, 1982.]

AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff and Respondent, v.
DARRYL EUGENE COWAN, a Minor, etc., Defendant and Appellant.

COUNSEL

Handweiler & Card, H. Bryan Card and John Noble for Defendant and Appellant.

Beam, DiCaro, D'Antony & Stafford, John E. West and John R. DiCaro for Plaintiff and Respondent.

OPINION

**KAUFMAN, J.**—This is an appeal from a judgment determining that a homeowners insurance policy issued by American Motorists Insurance Company (plaintiff or American Motorists) to John G. Murnane, Sr. and Sherrill Murnane does not provide liability coverage for an injury to Darryl Eugene Cowan, a minor, resulting from the act of the Murnane's minor son, Richard Glen Murnane, in intentionally striking Cowan in the face. The judgment further purports to impose a resulting trust in favor of American Motorists on the proceeds of a settlement of Cowan's claim against the Murnanes effected between American Motorists and Cowan through his guardian ad litem.

In December 1978, in an altercation at the Westminster Mall in the City of Westminster, Richard Glen Murnane, the minor son of John G. Murnane, Sr., and Sherrill Murnane, struck Darryl Eugene Cowan, a minor, in the face with his fist, causing Cowan serious personal injury. On June 18, 1979, Cowan, by and through his guardian ad litem, filed a complaint for damages for personal injury against Richard Murnane and his parents. The complaint sought recovery against the minor on theories of assault and battery and negligence. Recovery was sought against the parents on a theory of negligent supervision.

The Murnanes were insured for public liability up to $100,000 by a homeowners policy issued by American Motorists. Under coverage E, entitled "Personal liability," the policy provided: "This company agrees to pay on behalf of the insured . . . all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this coverage applies, caused by an occurrence." Under "Exclusions" the policy provided in pertinent part: "This policy does not apply . . . (f) To bodily injury or property damage which is either expected or intended from the standpoint of the in-

sured." John G. Murnane, Sr., and Sherrill Murnane were the named insureds, but Richard Murnane was also insured by the policy as a minor child residing in the household of the named insured.

On August 28, 1979, American Motorists instituted the instant action for declaratory relief naming as defendants Richard Murnane and his parents and Darryl Eugene Cowan, the plaintiff in the personal injury action. American Motorists sought a judgment declaring "that defendants Richard Glen Murnane, John G. Murnane, Sr., and Sherrill Murnane ... are not afforded insurance coverage under the terms of said policy for the acts, omissions and other conduct described in said complaint [in the personal injury action]."

On October 23, 1979, Cowan made a demand on American Motorists for settlement of his personal injury claim against the Murnanes for the policy limit, $100,000. American Motorists, fearing it might be held liable for a judgment in excess of its policy limit if it refused to settle on the ground that its policy did not afford coverage (see *Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9 [123 Cal.Rptr. 288, 538 P.2d 744][1]), accepted the settlement offer and paid to Cowan by and through his guardian ad litem, the sum of $100,000. Thereafter on April 28, 1980, a minor's compromise based on the settlement was approved by the Orange County Superior Court, and after the payment of costs, expenses and attorney fees of $25,313.20, the net proceeds of the settlement in the amount of $74,686.80 were deposited at Southwest Savings & Loan Association in the name of the guardian ad litem as trustee for Darryl Eugene Cowan.

On August 22 and August 25, 1980, counsel for all parties executed for filing in the instant action a stipulation covering three typewritten pages consisting of six numbered and two unnumbered paragraphs. The first unnumbered paragraph and the first five numbered paragraphs basically set forth the facts substantially as related above. The sixth numbered paragraph recites that American Motorists "filed the present action contending that its policy of insurance issued to defendants JOHN G. MURNANE, SR. and SHERRILL MURNANE, does not provide coverage

---

[1]In *Johansen*, the California Supreme Court reaffirmed that "an insurer who fails to accept a reasonable settlement offer within policy limits because it believes the policy does not provide coverage assumes the risk that it will be held liable for all damages resulting from such refusal, including damages in excess of the applicable policy limits." (15 Cal.3d at p. 12.)

for the acts or other conduct of defendants in the above noted Complaint."

Finally, the last paragraph, which is unnumbered, reads: "Plaintiff, therefore, seeks judicial determination as to its rights and obligations with respect to said defendants. Further, plaintiff desires that the Court establish a constructive trust as to all funds previously paid by AMERICAN MOTORISTS INSURANCE COMPANY pursuant to plaintiff's policy demand. Plaintiff seeks the court to enter Judgment that defendants, JOHN G. MURNANE, SR. and SHERRILL MURNANE, reimburse AMERICAN MOTORISTS INSURANCE COMPANY the sum of $100,000.00 paid out on its behalf; and for such other and further relief as the Court may deem just and proper under the circumstances of the case."

The case was tried to the court and submitted on October 14, 1980. Although Cowan had filed an answer and joined in the stipulation presented to the court, he did not otherwise participate in the trial. The court read and considered the stipulation and the testimony of several witnesses was received concerning the altercation in Westminster Mall. The next day, October 15, the court issued a minute order reading in pertinent part: "The Court finds that the injury suffered in the stipulated incident was the result of an intended, wilful act by Richard Glen Murnane; that the intended, wilful act was to injure, but not to do great bodily harm or injury; that the injury that was intended was slight. The Court finds that the policy in question excludes from coverage the act that resulted in injury to Darryl Cowan. Therefore, it is the order of this Court that the plaintiff insurance company is not liable under its policy for the damages that may have resulted from the incident described in the stipulation."

On October 24, 1980, American Motorists obtained from the court an ex parte order purporting to impound all funds up to $74,686.80, the net proceeds of the settlement between American Motorists and Cowan, held in the name of Cowan's guardian ad litem as trustee for Cowan at Southwest Savings & Loan Association. In addition, on October 21, 1980, American Motorists filed, apparently in both the personal injury action and the declaratory relief action, a document entitled "NOTICE OF INTENDED LIEN."

On October 31, 1980, Cowan by and through his guardian ad litem, filed a notice of appeal from the minute order of October 15, 1980.

On November 7, 1980, the judgment in the declaratory relief action was signed and filed. It recites findings by the court that the injury suffered by Cowan "was the result of an intended, willful act which was expected by RICHARD GLENN MURNANE; that the intended, willful act was to injure, but not to do great bodily harm or injury" and "that the policy in question ... excludes from coverage the act that resulted in injury to DARRYL COWAN." The judgment then purports to determine that American Motorists is not liable under its policy for Cowan's injuries; "[t]hat the $100,000 payment previously made and transferred by ... AMERICAN MOTORISTS ... on behalf of their insured, RICHARD GLENN MURNANE, to defendant DARRYL EUGENE COWAN, by and through his Guardian ad Litem, ... as a result of said incident is presently held by said defendant as resulting trustee for plaintiff, and plaintiff is the sole beneficial and equitable owner thereof"; and that Cowan "... shall transfer, deliver and return said $100,000 to plaintiff thereby terminating said trust." Notice of entry of the judgment was given by the court clerk on November 10, 1980.

On November 24, 1980, an "ADDENDUM TO JUDGMENT" was filed purportedly amending the judgment to provide that of the $100,000 previously paid by American Motorists, only the $74,686.80 actually received by Cowan was held by Cowan as resulting trustee for the plaintiff and that that amount should be returned to plaintiff, thereby terminating the trust.

On December 8, 1980, Richard Murnane and his parents filed a notice of appeal from the October 15, 1980 minute order. Subsequently the Murnanes' appeal was dismissed for their failure to file an opening brief. Thus, the only parties to this appeal are Darryl Eugene Cowan, by and through his guardian ad litem, as appellant and American Motorists as respondent.

Appellent contends that the court erred in concluding that the insurance policy excluded from coverage the act which resulted in his injury; that as a matter of law any liability of John G. Murnane, Sr., and Sherrill Murnane was covered by the policy; that the trial court exceeded its authority in granting a constructive or resulting trust because American Motorists' pleading did not request such relief; and that there is no evidentiary basis for imposition of such a trust, the evidence being that the $100,000 was paid pursuant to a good faith settlement approved by order of the court.

American Motorists contends that the appeal was not timely filed and should be dismissed; that the settlement-resulting trust procedure followed by it was implicitly authorized by the Supreme Court in the *Johansen* decision; that the resulting trust is proper in any event because of the stipulation entered into by the parties before trial; that the court's conclusion that the policy excludes coverage for the act resulting in Cowan's injury is amply supported by the evidence and further supported by Insurance Code section 533 that provides in part that: "[a]n insurer is not liable for a loss caused by the wilful act of the insured"; and that the question of coverage under the policy for John G. Murnane, Sr., and Sherrill Murnane, as distinguished from coverage for their minor son, was not raised by Cowan in the trial court and therefore may not be considered on appeal.

### Timeliness of the Appeal

■ American Motorists points out that Cowan's notice of appeal designated the minute order of October 15, 1980, as the order appealed from and was filed prematurely on October 31, 1980, before the entry of judgment on November 7. It recognizes that rule 2(c) of the California Rules of Court vests the appellate court with discretion for good cause to treat a notice of appeal filed prior to rendition of judgment but after the judge has announced his intended decision as filed immediately after entry of judgment;[2] however, it contends that no good cause has been shown in this case for treating the premature appeal as an appeal from the judgment and that the appeal should therefore be dismissed. We do not agree.

As American Motorists concedes, there is a well recognized policy in favor of resolving appeals on their merits (e.g., *Larrus* v. *First National Bank* (1954) 122 Cal.App.2d 884, 886 [266 P.2d 143]; *Karrell* v. *Watson* (1953) 116 Cal.App.2d 769, 773 [254 P.2d 651, 255 P.2d 464]) and, generally, little by way of "good cause" has been required in the decisions applying rule 2(c). (See, e.g., *Webb* v. *Webb* (1970) 12 Cal. App.3d 259, 262, fn. 1 [90 Cal.Rptr. 565]; *Evola* v. *Wendt Construction Co.* (1958) 158 Cal.App.2d 658, 660-661 [323 P.2d 158]; *Smith* v.

---

[2]Rule 2(c) of the California Rules of Court reads: "A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry. A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment."

*Smith* (1954) 126 Cal.App.2d 194, 195 [272 P.2d 118]; *Larrus v. First National Bank, supra,* 122 Cal.App.2d 884.) Here ample "good cause" appears for treating the notice of appeal from the minute order as being from the judgment subsequently ordered. There is no claim or indication that American Motorists was misled or in any way prejudiced, and it failed to raise the problem by a motion to dismiss at a time when the defect could be cured by the filing of a timely notice of appeal from the judgment. If the present appeal were dismissed, the judgment, which we have concluded is erroneous, would stand affirmed immune from appellate review. (Cf. *Shonkoff v. Dant Inv. Co.* (1968) 258 Cal.App.2d 101, 102 [65 Cal.Rptr. 463].)

We therefore treat the notice of appeal from the minute order as being from the judgment. (Cal. Rules of Court, rule 2(c).)

*No Resulting or Constructive Trust Requested in the Pleadings*

Cowan's contention that imposition of a resulting or constructive trust was in excess of the court's authority because it was not requested by American Motorists in its complaint is devoid of merit. This was a tried case, and it is fundamental that after trial on the merits, the court may afford any form of relief supported by the evidence and as to which the parties were on notice, whether requested in the pleadings or not. (Code Civ. Proc., § 580; see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 374, 376, pp. 2038, 2039-2040 and cases there cited.)

Cowan had ample notice prior to trial that American Motorists sought the imposition of a resulting or constructive trust upon the proceeds of the settlement. The stipulation signed by counsel for all parties approximately two months before trial expressly stated that American Motorists desired relief by way of a constructive trust on the settlement proceeds.

*Settlement-resulting Trust Procedure Not Authorized by the Johansen Decision or the Stipulation*

On the other hand, American Motorists' contention that the settlement-resulting trust procedure it is attempting to employ was implicitly authorized by the California Supreme Court in the *Johansen* decision or was authorized by the stipulation is equally unmeritorious. It is of course true that the rule reaffirmed in *Johansen* (see fn. 1, *ante*) poses

a dilemma for an insurer that doubts its policy affords coverage. It is also true that the court in *Johansen* attempted to minimize the impact of its ruling on insurers by observing that "contrary to defendant's assertion, an insurer in defendant's position retains the ability to enter an agreement *with the insured* reserving its right to assert a defense of noncoverage even if it accepts a settlement offer. If, having reserved such rights and having accepted a reasonable offer, the insurer subsequently establishes the noncoverage of its policy, it would be free to seek reimbursement of the settlement payment *from its insured.*" (15 Cal.3d at p. 19; italics added.) The court said nothing, however, about the insurer seeking reimbursement from the injured party.

That is not to say that the insurer could not include in the settlement agreement a provision that the injured party would hold the settlement proceeds as a trustee in the event of a subsequent adjudication that the policy afforded no coverage, if the injured party were willing to settle on that basis. Here, however, it is not asserted that the settlement agreement embodied any such provision or was made subject to a condition subsequent of any kind. And contrary to the suggestion of American Motorists, the stipulation signed by the parties does not constitute an agreement for or acquiescence in the imposition of a trust by Cowan. At most the stipulation acknowledges that American Motorists' motive in entering into the settlement agreement was the potential consequences to it otherwise under the *Johansen* rule and that American Motorists desired the imposition of a trust on the settlement proceeds.

### Resulting Trust Not Warranted by the Evidence and Precluded by Settlement Agreement

Preliminarily, some attention must be given to the question whether the trust imposed by the court on the settlement proceeds is properly termed a resulting trust or a constructive trust. In their briefs the parties refer to the trust imposed sometimes as one and sometimes as the other.

If proper at all, the trust imposed is a resulting trust. ██ "A resulting trust arises from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest. (See Rest. 2d, Trusts, § 404; 5 Scott [Law of Trusts (3d. ed.)], p. 3211 ....) [¶] It has been termed an 'intention-enforcing' trust, to distinguish it from the other type of implied trust, the *constructive* or

'fraud-rectifying' trust. The resulting trust carries out the inferred intent of the parties; the constructive trust defeats or prevents the wrongful act of one of them. (See *Lezinsky* v. *Mason etc. Co.* (1921) 185 C. 240, 243, 196 P. 884; *Johnson* v. *Clark* (1936) 7 C.2d 529, 533, 61 P.2d 767; *Bainbridge* v. *Stoner* (1940) 16 C.2d 423, 428, 106 P.2d 423; Rest. 2d, Trusts, Vol. 2, p. 326; Rest., Restitution § 160; 5 Scott [*supra*], p. 3215; 1 So.Cal.L.Rev. 99 ....)" (7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 123, p. 5481; accord: *Burns* v. *Ross* (1923) 190 Cal. 269, 274-275 [212 P. 17]; *Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 372-373 [140 Cal.Rptr. 744].)

Civil Code section 2224 provides that one who gains a thing by accident or mistake is an involuntary trustee, without specifying whether the trust is a resulting trust or a constructive trust. ██ In any event, however, there is no evidence that the money paid to Cowan by American Motorists was a result of accident or mistake. The money was paid by American Motorists deliberately and with full knowledge of all operative factors because of American Motorists' concern that if it failed to settle because of its noncoverage claim, it might be liable for amounts in excess of its policy limit.

We are thus brought to the question whether there is in the record substantial evidence of circumstances from which the trial court could rationally conclude that Cowan, by and through his guardian ad litem, was not intended to take the beneficial interest in the money paid. The conclusion is inescapable that there is not. The settlement agreement is not a part of the record, but there is no assertion on the part of any party that it contained any provision for the proceeds of the settlement to be refunded to American Motorists should a court subsequently determine there was no coverage under the policy. The fact that more than $25,000 was paid out of the settlement proceeds for costs, fees and expenses is inconsistent with the possibility there was any such provision contained in the settlement agreement.

We have little doubt that it was the hope of American Motorists from the outset that it might be able to recoup all or part of the settlement proceeds in the event of a subsequent adjudication of noncoverage. However, the unilateral hope or intention of one party to the transaction could hardly serve as the basis for the imposition of a resulting trust. The stipulation executed by the parties through counsel in which

it was recited that American Motorists desired to impose a constructive trust on the proceeds was executed after the settlement agreement was fully executed, approved by the court and paid. Moreover, as previously observed, the stipulation did not constitute an agreement on the part of Cowan to the imposition of a trust upon the settlement proceeds; it was at best a recognition, after the fact, that American Motorists desired such relief.

In the absence of some express provision in the settlement agreement for the subsequent imposition of a trust on the settlement proceeds should it be adjudicated there was no coverage under the policy or, at the very least, a mutually agreed reservation of rights of some sort, the settlement agreement was a full and final disposition of the disputed claim between American Motorists and Cowan (*Fouratt v. Goodman* (1928) 203 Cal. 252, 254 [263 P.2d 533]), and in the absence of evidence of fraud or mistake of a type sufficient to support rescission, the settlement agreement was a bar to recoupment from Cowan. (See *Bree v. Wheeler* (1906) 4 Cal.App. 109, 113 [87 P. 255]; *Federated Mutual Ins. Co. v. Good Samaritan Hosp.* (1974) 191 Neb. 212 [214 N.W.2d 493, 495-496].)

In view of our conclusion that the record is lacking in evidentiary support for the imposition of resulting or constructive trust, it will be unnecessary for us to consider Cowan's contentions that the court erred in concluding that coverage for his injury claim was excluded by the policy and that coverage was afforded as a matter of law as to the potential liability of John G. Murnane, Sr., and Sherrill Murnane. The latter contention, however, does have a bearing upon the substantial evidence argument that perhaps should not go unnoticed. If Cowan is correct that the policy did afford coverage for Mr. and Mrs. Murnane, and we believe he probably is (cf. *Arenson v. Nat. Automobile & Cas. Ins. Co.* (1955) 45 Cal.2d 81 [286 P.2d 816]), there would be no basis whatever for imposing a trust on the settlement proceeds, if the settlement agreement purported to extinguish any obligation on the part of Mr. and Mrs. Murnane as well as their son. As previously noted, we do not have the settlement agreement so we cannot be certain whether or not it purported to discharge the obligation of Mr. and Mrs. Murnane as well as their son, but it is virtually inconceivable to us that American Motorists would pay out $100,000 without discharging the liability of all the potential insureds under the policy.

*Disposition*

The judgment is reversed with directions to the trial court to enter judgment in favor of Cowan.

Morris, Acting P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied on February 5, 1982, and the following opinion was then rendered:

KAUFMAN, J.—American Motorists placed the right to a resulting or constructive trust in issue in the case below and it had the burden of proving facts entitling it to that relief. It failed to do so, and the time to do so has passed.

Morris, Acting P. J., and McDaniel, J., concurred.