[No. B012267. Second Dist., Div. Seven. Jan. 15, 1986.]

MARGUERITE M. WINTER, Plaintiff and Respondent, v.
JOSEPH MICHAEL RICE, Defendant and Appellant.

## COUNSEL

Lloyd D. Robinson and Garry S. Shay for Defendant and Appellant.

David S. Smith for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—Marguerite Winter commenced an action to quiet title, for imposition of a constructive trust and for other relief. By substituted service (Code Civ. Proc., § 415.20, subd. (b)), copies of the summons and complaint were served on defendant Joseph Michael Rice. Defendant failed to answer or otherwise respond to the complaint within the time allowed by law and his default was entered by the clerk. (Code Civ. Proc., § 585, subd. (b).) Defendant's motion to set aside the default was denied, as was his motion for reconsideration of the order of denial.

Defendant appeals from the order denying his motion to set aside the default.

### DISCUSSION

### I

An appealable judgment or order is essential to appellate jurisdiction; the parties cannot, by any form of consent, make a nonappealable order

appealable. (*Horton* v. *Jones* (1972) 26 Cal.App.3d 952, 956 [103 Cal.Rptr. 399]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 38, p. 61.) Accordingly, while plaintiff does not suggest that the order from which defendant appeals is not appealable and both parties urge that we review the ruling on its merits, it is our duty to consider the question of appealability on our own motion (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720]) and to dismiss the appeal if the order is not appealable. (*Collins* v. *Corse* (1936) 8 Cal.2d 123, 124 [64 P.2d 137]; *DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 430 [160 Cal.Rptr. 899].)

■ Although it may be reviewed on an appeal from the judgment, no direct appeal lies from an order denying a motion to vacate a default. (*Gudarov* v. *Hadjieff* (1952) 38 Cal.2d 412, 418 [240 P.2d 621]; *Don* v. *Cruz* (1982) 131 Cal.App.3d 695, 699 [182 Cal.Rptr. 581]; *Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794, 797 [156 Cal.Rptr. 622]; *Uva* v. *Evans* (1978) 83 Cal.App.3d 356, 360 [147 Cal.Rptr. 795]; *Sanford* v. *Smith* (1970) 11 Cal.App.3d 991, 997 [90 Cal.Rptr. 256]; *Price* v. *Hibbs* (1964) 225 Cal.App.2d 209, 212 [37 Cal.Rptr. 270]; *Barry* v. *Rodgers* (1962) 199 Cal.App.2d 298, 301 [18 Cal.Rptr. 723]; *Kester Motors, Inc.* v. *Haddad* (1952) 109 Cal.App.2d 369, 373 [240 P.2d 1011].) Where judgment was entered at the time of filing of a notice of appeal from such order, the notice may be construed to refer to the judgment thereby permitting review of the order. (See *Don* v. *Cruz, supra,* 131 Cal.App.3d at pp. 699-700; *Uva* v. *Evans, supra,* 83 Cal.App.3d at p. 360.) ■ In the present case the record on appeal contains no judgment and our review of the superior court file in this action (Cal. Rules of Court, rule 12(a)) discloses that no judgment was entered. (See Code Civ. Proc., § 916.)[1] Despite the rule that a notice of appeal must be construed liberally in favor of its sufficiency (Cal. Rules of Court, rule 1(a)), defendant's notice of appeal cannot be construed to refer to a nonexistent judgment. (See 9 Witkin, *op. cit. supra,* § 81, p. 104.)

■ Where an appeal is taken from a nonappealable order sustaining a demurrer without leave to amend and no judgment of dismissal has been entered, the order nevertheless may be deemed to incorporate a judgment of dismissal and the notice of appeal treated as applicable to the judgment. (*Munoz* v. *Davis* (1983) 141 Cal.App.3d 420, 431 [190 Cal.Rptr. 400];

---

[1]Code of Civil Procedure section 916 provides in pertinent part: "(a) Except as provided in Sections 917.1 through 917.9 and in Section 117.7, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

*Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 501, fn. 1 [161 Cal.Rptr. 677].) Such procedure is inappropriate in the present case. ■ When a demurrer has been sustained without leave to amend, the only judgment which properly may be entered is one dismissing the action (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390]); thus a defendant whose demurrer has been sustained without leave to amend has a right to have judgment of dismissal entered. (*Parenti* v. *Lifeline Blood Bank* (1975) 49 Cal.App.3d 331, 335 [122 Cal.Rptr. 709].)

■ A plaintiff has no similar right to entry of judgment in his favor as a matter of course following entry of defendant's default and denial of his motion to set aside the default where, as in the present case, judgment quieting title is among the relief sought. On the contrary, in such an action "[t]he court shall not enter judgment by default but shall in all cases require evidence of plaintiff's title and hear such evidence as may be offered respecting the claims of any of the defendants, other than claims the validity of which is admitted by the plaintiff in the complaint. The court shall render judgment in accordance with the evidence and the law." (Code Civ. Proc., § 764.010.)

■ While there is a well recognized policy in favor of resolving appeals on their merits (*American Motorists Ins. Co.* v. *Cowan* (1982) 127 Cal.App.3d 875, 882 [179 Cal.Rptr. 747]), this court has no power to make appealable an order which is nonappealable. (*Schmidt* v. *Townsend* (1951) 103 Cal.App.2d 185, 186-187 [229 P.2d 488].) Accordingly, defendant's purported appeal from the order denying his motion to set aside entry of his default must be dismissed.

## II

■ Plaintiff requests that we impose sanctions against defendant and his counsel "for pursuing what appears to be an appeal based on demonstrable falsity and total misconstruction of applicable law." A penalty may be imposed on an offending attorney or party where the appeal is frivolous or taken solely for the purpose of delay. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) Plaintiff does not claim that the appeal was prosecuted for an improper motive, but only that it is totally lacking in merit on the substantive issues. Inasmuch as we do not reach those issues, there is no basis for the imposition of sanctions.

## DISPOSITION

The appeal is dismissed.

Thompson, J., and Johnson, J., concurred.