Filed 12/16/13  Becerra v. Hodges CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STEVE BECERRA, | H038541 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CV165559) |
| v. | |
| DAVID HODGES et al., | |
| Defendants and Appellants. | |

San Jose Cannabis Buyer's Collective LLC (SJCBC) and David Hodges (collectively defendants) operated a medical marijuana dispensary on premises Hodges leased from Steve Becerra doing business as Oxbridge Properties (Becerra).  The City of San Jose (City) issued a compliance order (Order) stating that defendants' medical marijuana dispensary constituted a nuisance and violated the City's zoning regulations.  When defendants continued to operate the medical marijuana dispensary despite the Order, Becerra filed suit.  Defendants failed to answer Becerra's amended complaint, and the clerk entered default against them.  The trial court later entered default judgment against defendant Hodges only.

Defendants appeal from the trial court's denial of their motion for relief from the default judgment.  They claim the default was the result of their attorney's mistake, such that the relief was mandatory under Code of Civil Procedure section 473, subdivision

(b).[1]  Defendants also argue that discretionary relief from default was warranted under section 473 because their attorney's excusable neglect caused the default.

We dismiss SJCBC's appeal because no default judgment was entered against it, and an order denying a motion to vacate a default is not independently appealable. We determine that Hodges' request for discretionary relief was untimely. Finally, with respect to Hodges' request for mandatory relief, we conclude the trial court did not err by finding that Hodges failed to show that attorney error caused the default. Accordingly, we shall affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Compliance Order and Initial Complaint*

In 2009, Hodges and Becerra entered into a commercial lease for premises located on South Monroe Street in San Jose. Hodges operated a medical marijuana dispensary on the leased premises through his limited liability company SJCBC. In January 2010, the City issued the Order stating that the medical marijuana dispensary constituted a nuisance and violated the City's zoning regulations. The City's Order threatened Becerra with administrative fines if he failed to achieve compliance with municipal law.

Between February 25, 2010, and March 5, 2010, Becerra's attorney, Walter MacDonald, and defendants' attorney, J. David Nick, exchanged e-mails in which attorney MacDonald requested that defendants close the medical marijuana dispensary. Defendants failed to do so, and on March 5, 2010, Becerra filed suit against defendants alleging breach of the lease and violation of City zoning laws, and seeking injunctive relief. The trial court entered a temporary restraining order following a hearing on March 5, at which defendants appeared in pro per.

On March 17, 2010, Nick informed Becerra's counsel that, until further notice, he was no longer representing defendants. Counsel for Becerra e-mailed Hodges that same

---

[1] Hereafter all unspecified statutory references are to the Code of Civil Procedure.

2

day, explaining that Nick had advised him that Nick no longer represented defendants and attaching a letter regarding the upcoming preliminary injunction hearing. Following that hearing, at which defendants again appeared in pro per, the court entered a preliminary injunction.

In April 2010, Nick filed a separate action on behalf of SJCBC against the City. That case, *SJCBC*, *LLC v. Horwedel* (Sup. Ct. Santa Clara County, 2010, No. 1-10-CV-17027; hereafter, *Horwedel*), challenged the zoning law the City invoked in the January 2010 Order.

### B. *The Amended Complaint and Default*

On March 24, 2011, Becerra filed an amended complaint in this action. Defendants did not respond to the amended complaint. On August 18, 2011, the clerk entered default against defendants. Approximately one month later, on September 15, 2011, defendants filed a substitution of attorney identifying Russell Goodrow as their counsel. The court held a default judgment hearing on September 26, 2011, at which neither defendants, nor their new counsel, appeared. Following the hearing, in an order dated September 29, 2011, the court ordered a default judgment against Hodges only.

### C. *The Motion for Relief from Default Judgment*

Defendants filed a motion for relief from default judgment on March 26, 2012. The motion sought mandatory relief on the ground that the default was attorney Nick's fault, as well as discretionary relief on the theory that they reasonably believed Nick would timely respond to the amended complaint.

The motion was accompanied by a declaration from Nick stating that he is, and was at all relevant times, "retained as in-house counsel for defendants." Nick explained that Hodges contacted him about the amended complaint in this action, but that he failed to respond or to inform Hodges that he would not represent Hodges and SJCBC in this matter. Paragraphs 5, 6, and 7 contain the substance of Nick's statement:

3

"5. Between the dates of approximately March 29, 2011 and May 17, 2011, I received voicemails and electronic emails from David Hodges regarding the above-entitled case, but I failed to respond to Mr. Hodges because of my busy calendar.

"6. I never told David Hodges that I would not be able to represent him in the above-entitled action. However, by the time I was able to return Mr. Hodges' voice mails and e-mails, the time to file an Answer in this matter had already lapsed.

"7. On or about September 29, 2011, when I discovered my inadvertence and failure to respond to plaintiff's Amended Answer [*sic*] had resulted in a default being entered against defendants, I notified my colleague, Russell Goodrow, who agreed to represent defendants in the instant matter."

Hodges also submitted a declaration stating that he e-mailed a scanned copy of the amended complaint to Nick when he was served with it on March 29, 2011. Hodges declared that "from approximately March 29, 2011 until approximately May 17, 2011, I contacted Mr. Nick several times by telephone and e-mail regarding the [Amended] Complaint," but that Nick did not return the calls or e-mails. Nevertheless, according to Hodges, he "understood" that Nick would respond to the amended complaint because Nick was SJCBC's in-house counsel and was representing SJCBC in the related *Horwedel* action. Hodges further declared that he learned that Nick had not timely filed an answer on or about May 17, 2011. According to Hodges' declaration, on September 29, 2011, "upon learning that Mr. Nick was not representing myself or SJCBC, LLC in this matter, I retained Russell Goodrow as legal counsel to represent SJCBC, LLC and myself in this matter."

Becerra opposed the motion for relief on multiple grounds, including that defendants intentionally failed to answer the amended complaint as part of a larger strategy to litigate the underlying issues in the *Horwedel* action first. In support of that argument, Becerra's counsel submitted a declaration stating that in May 2010 he told Nick that Becerra was seeking a default against Hodges in this case. According to the

4

declaration, Nick responded, in Hodges' presence, "So what. When this Writ [in the *Horwedel* action] is granted, we will go after you on the *Becerra* matter."

The trial court denied defendants' motion for relief from default in an order dated May 24, 2012, and filed on May 29, 2012. While the court did not make any express credibility findings, it noted that Hodges' assertion that he retained Goodrow on September 29, 2011, was contradicted by the substitution of attorney, which was filed on September 15, 2011, and signed by Goodrow on September 7, 2011. The court concluded defendants were not entitled to mandatory relief under section 473 because Nick's admitted mistakes did not cause the default. The court noted that while Nick and Hodges declared they did not communicate about this case between March 29, 2011, and May 17, 2011, no evidence was submitted as to whether they communicated about the case before or after that time period. In view of the facts that Nick represented SJCBC in the related *Horwedel* action and that default was not entered until August 2011, the court found it "implausible" that Nick and Hodges *never* communicated about this case. The court refused to grant defendants discretionary relief, reasoning that defendants had not carried their burden to show the default was entered through Hodges' mistaken belief Nick would respond to the amended complaint. Defendants filed a notice of appeal on July 16, 2012.

## II.  DISCUSSION

### A.  *The Statutory Framework and Standard of Review*

Section 473, subdivision (b), provides for both discretionary and mandatory relief from entry of default and default judgment.[2]

---

[2] Section 473, subdivision (b) provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable (continued)

Discretionary relief is available from any proceeding--including defaults and default judgments--resulting from "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) A court may exercise its discretion to grant relief " 'only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits.' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.) Generally, we review a trial court's ruling on a motion for discretionary relief from default for abuse of discretion. (*Ibid*.) However, "because the law strongly favors trial and disposition on the merits," we scrutinize the "trial court['s] order denying [discretionary] relief . . . more carefully than an order permitting trial on the merits." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.)

The mandatory portion of section 473 requires the court to vacate a default whenever (1) a timely application is made in proper form; (2) the application is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect; and (3) the attorney's mistake, inadvertence, surprise or neglect in fact caused the dismissal or entry of default. (§ 473, subd. (b).) Relief may be denied only when the trial court finds that the default or dismissal was not in fact caused by attorney error. (*Metropolitan Service Corp. v. Casa de Palms*, *Ltd*. (1995) 31 Cal.App.4th 1481, 1487-1488.)

To establish the requisite link between the default and the attorney's mistake, the

time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

defaulting party must submit enough evidence to permit a finding that the default was actually caused by the attorney's error. (*Todd v. Thrifty Corp.* (1995) 34 Cal.App.4th 986, 991.) The mistake "need not be the only proximate cause of [the default] so long as there is causation in fact." (*Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 867.) In the context of section 473, causation in fact exists where counsel's error was a " 'necessary antecedent' " to the default, without which no default would have occurred. (See *Maupin v. Widling* (1987) 192 Cal.App.3d 568, 573; *PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 315.)

Causation is a question of fact for the trial court (cf. *Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518, 1528) that, ordinarily, we would review under the substantial evidence standard. (*Milton v. Perceptual Development Corp.*, *supra*, 53 Cal.App.4th at p. 867.) Here, however, the trial court's substantive finding was that the evidence was insufficient to support a finding of causation. As this court explained in *In re I.W.* (2009) 180 Cal.App.4th 1517, 1528, where "the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment." The trial court, as the exclusive judge of the credibility of the evidence, was free to reject defendants' evidence as unworthy of credence. (*Oldenburg v. Sears, Roebuck & Co.* (1957) 152 Cal.App.2d 733, 742; see also *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.) Thus, the proper inquiry on appeal is whether the evidence compels a finding in favor of the appellant as a matter of law. (*Roesch v. De Mota* (1944) 24 Cal.2d 563, 571.) Specifically, the question is whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." (*Ibid.*)

Here, the trial court's refusal to set aside the default on attorney fault grounds is reversible if there is uncontradicted and unimpeached evidence compelling the

7

conclusion that Nick's acknowledged errors caused the default.

**B.      *SJCBC's Appeal From a Nonappealable Order is Dismissed***

An order denying a motion to set aside a clerk's entry of default is not independently appealable.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960.)  Such an order can be reviewed only upon an appeal taken from the default judgment.  (*Winter v. Rice* (1986) 176 Cal.App.3d 679, 682.)

The record contains no default judgment against SJCBC, and the parties confirmed in supplemental briefing that none has been entered.  Default judgment was entered against Hodges alone.  "While there is a well recognized policy in favor of resolving appeals on their merits [citation], this court has no power to make appealable an order which is nonappealable."  (*Winter v. Rice*, *supra*, 176 Cal.App.3d at p. 683.)  Accordingly, as defendants concede, SJCBC's purported appeal from the order denying its motion to set aside entry of its default must be dismissed.  (*Ibid.*)

**C.      *Hodges' Motion For Discretionary Relief From Default Was Untimely***

A section 473 motion invoking the court's discretion must be filed within six months, or 182 days, after the clerk's entry of default.  (*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 416.)  Critically, it is the entry of default that triggers the running of the six-month statutory period, not the entry of the default judgment.  (*Ibid.*; see also *Weiss v. Blumencranc* (1976) 61 Cal.App.3d 536, 541.)

Here, the default was entered on August 18, 2011.  Defendants did not file their motion until 221 days later, on March 26, 2012.  Because the motion for discretionary relief from default was untimely under section 473, the trial court did not abuse its discretion by denying it.

**D.      *Uncontradicted Evidence Does Not Compel A Finding That Hodges Is Entitled To Mandatory Relief from Default on Grounds of Attorney Fault***

Unlike the motion for discretionary relief, the motion for mandatory relief was

8

timely because it was filed within six months of the entry of default judgment. (*Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 297 [six-month limitation on motion under section 473's mandatory provision runs from the date of the entry of judgment, not the entry of default].)  The court entered default judgment against Hodges no earlier than September 26, 2011, exactly 182 days before the motion was timely filed. We nevertheless affirm the denial of the motion for mandatory relief from default because we determine there was not uncontradicted and unimpeached evidence compelling a finding that Nick's mistakes caused the default.

Nick's declaration admits two errors:  (1) failing to inform Hodges that he would not represent Hodges and SJCBC in this action and (2) failing to return Hodges' calls and e-mails between March 29, 2011, and May 17, 2011.  Hodges relies on the declarations he and Nick submitted to establish that those mistakes caused the default.  Hodges' theory of causation rests on a number of premises, including:  (1) when Hodges received the amended complaint, he believed Nick was representing him in this case; and (2) the failure to timely file an answer was the inadvertent result of that mistaken belief and Nick's failure to correct it.  If either premise is rejected, Hodges' causation theory fails.

The parties submitted conflicting evidence regarding both premises.  *First*, with respect to whether Hodges believed Nick was representing him, there was evidence that in March 2010 Nick informed Becerra's attorney that he no longer represented defendants, and that Becerra's attorney passed that information on to Hodges.  The record also shows that defendants appeared in pro per at two significant hearings in the spring of 2010.  Hodges argues that Nick's subsequent representation of SJCBC in the *Horwedel* action led him to conclude that Nick was once again representing his interests in this case.  Even accepting that Hodges drew that conclusion, to find that he *still* believed Nick represented him when the amended complaint was filed, one must conclude Hodges and Nick never discussed Nick's involvement in this case in the 11 months following the initiation of *Horwedel*.  But undisputed evidence that Hodges and Nick communicated

9

about the related *Horwedel* action in that time frame supports the reasonable inference that Hodges and Nick communicated about this case as well.  The trial court drew that very inference, and we are powerless to reject it by reweighing the evidence.  (*Johnson v. Pratt & Whitney Canada*, *Inc.* (1994) 28 Cal.App.4th 613, 622-623.)  As noted, the court was free to reject Hodges' declaration to the contrary as incredible.  (*Shamblin v. Brattain*, *supra*, 44 Cal.3d at p. 479.)  Thus, uncontradicted evidence did not compel the conclusion that Hodges believed Nick represented him in this action.  The trial court reasonably could have concluded that Hodges knew Nick did not represent him and Nick "is simply covering up for" Hodges' failure to file a response himself.  (*Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 821 [mandatory relief from default is properly denied where default "was not in fact the attorney's fault, for example when the attorney is simply covering up for the client"].)

*Second*, there also was competing evidence as to whether the failure to answer the amended complaint was inadvertent.  Hodges relies solely on the declarations he and Nick submitted to establish mistake.  Hodges submitted no corroborating documentary evidence, such as copies of the e-mails he claims to have sent Nick about the amended complaint.  Nor did Hodges submit evidence as to what action, if any, he took in the three months that elapsed between the time he learned Nick had not timely filed an answer and the entry of default.  Similarly, while Nick's declaration suggests that he "was able to return Mr. Hodges' voice mails and e-mails" sometime after "the time to file an Answer in this matter had already lapsed," but before learning about the entry of default, there is no explanation for his failure to take any action to avoid default.  That Hodges and Nick knew about the missed deadline but did nothing to avert default gives rise to the reasonable inference that the initial failure to answer the amended complaint was intentional.  That inference is further supported by counsel for Becerra's assertion that Nick responded to a threat of default in this case by stating, in Hodges' presence, "So what.  When this Writ [in the *Horwedel* action] is granted, we will go after you on the

10

*Becerra* matter." This competing evidence precludes us from determining that the trial court was required to conclude that Hodges unintentionally missed the deadline to respond. The trial court reasonably could have concluded that the default was not caused by mistake, but knowing and intentional conduct by Hodges and his counsel.

"This is simply not a case where undisputed facts lead to only one conclusion." (*In re I.W.*, *supra*, 180 Cal.App.4th at p. 1529.) Accordingly, we conclude that the trial court was not required, as a matter of law, to find that Nick's mistakes caused the default.

## III. DISPOSITION

The trial court's order denying relief from the default judgment is affirmed.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

11