Filed 1/24/24  Gonzalez v. Collect Access CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ALEXIS JOSUE GONZALEZ, | D083001 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. PSC2003243) |
| COLLECT ACCESS, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Riverside County, Manuel Bustamante, Jr., Judge.  Reversed and remanded with directions.

James A. Michel for Plaintiff and Appellant.

Zee Law Group, Tappan Zee, Kimberly Barrientos; Bao Law Group and Jeffrey Bao for Defendants and Respondents.

Alexis Josue Gonzalez brought this action accusing Collect Access, LLC and Zee Law Group, P.C. (collectively, Respondents) of abusive debt collection practices.  After multiple failed attempts to serve Respondents' registered agent for service of process, Gonzalez served Respondents through the Secretary of State as authorized by the Corporations Code, which provides that service in this manner "shall be deemed complete on the 10th day after

delivery of the process to the Secretary of State." (Corp. Code, §§ 1702, subd. (a), 17701.16, subd. (c).) Respondents failed to respond to the complaint and Gonzalez took their default three months and 12 days after delivering the process to the Secretary of State.

Respondents moved to set aside the default, arguing (1) the default was void under Code of Civil Procedure section 473, subdivision (d), because the Secretary of State did not forward the summons to them until four days before default was entered; (2) the default should be set aside under section 473.5 because they did not have actual notice of the lawsuit until they received the summons from the Secretary of State on the same day that default was entered; and (3) discretionary relief was warranted under section 473, subdivision (b), due to "mistake, inadvertence, surprise, or excusable neglect." The trial court rejected each of Respondents' arguments and denied their motion. The trial court entered judgment against Respondents about one year later.

Respondents then moved to set aside the default *and* default judgment based on the same arguments and facts as in their motion to set aside the default. This time, a different judge granted Respondents' motion. In doing so, the judge acknowledged the first judge's findings, including that the default was not void under section 473, subdivision (d), because service was legally effected in accordance with the Corporations Code, and that Respondents failed to present sufficient evidence that they had no actual notice of the lawsuit to set aside the default under section 473.5. Nonetheless, the second judge made opposite findings. The second judge found the default was void under section 473, subdivision (d), because the Secretary of State did not actually forward the summons to Respondents until four days before default was entered, and the default and default

2

judgment were void under section 473.5 because Respondents provided sufficient evidence that they did not receive actual notice in time to defend the lawsuit.

On appeal, Gonzalez argues (1) the trial court lacked jurisdiction to hear the second motion to set aside because it was actually a renewed motion that did not comply with the requirements of section 1008; (2) the trial court's interpretation of the Corporations Code was erroneous as a matter of law; and (3) the motion was not supported by competent evidence of Respondents' lack of actual notice.

Respondents do not dispute that the second motion did not comply with section 1008. Rather, relying on *Standard Microsystems Corp. v. Winbond Electronics Corp.* (2009) 179 Cal.App.4th 868 (*Standard Microsystems*), Respondents argue it was not a renewed motion because the first motion sought to set aside the default, while the second motion sought to set aside the default and default judgment. Respondents' reliance on *Standard Microsystems* is misplaced. The court there acknowledged the "second motion sought 'the same order' as the first insofar as both asked the court to direct that the default have no further effect" but hesitated to conclude that the second motion constituted a renewal of the first because "the two motions rested on entirely distinct factual and legal predicates." (*Id.* at p. 891.) Unlike the defendants in *Standard Microsystems*, Respondents here attempted to use the *same* facts and legal grounds to obtain relief that was previously denied, thereby seeking "by sly evasion, a determination contrary to [a] determination made in the first order." (*Ibid.*) Because we conclude Respondents' second motion was a repetitive motion barred by section 1008, we need not reach its merits. The October 26, 2022 order is reversed with directions to reinstate the default and default judgment.

3

I.

A.

Gonzalez filed the first amended complaint on October 8, 2020. Both Respondents' statement of information listed Jane Tran as their registered agent for service of process at 9660 Telstar Avenue, El Monte, California, 91731, which is also the principal office for both Respondents. After several unsuccessful attempts to serve Tran in person, on January 12, 2021, Gonzalez obtained an order from the court authorizing service of process through the Secretary of State.

Pursuant to the Corporations Code, if a corporation's or limited liability company's designated agent cannot be served with reasonable diligence, then service can be made by delivering to the Secretary of State one copy of the process for each defendant to be served, together with a copy of the order authorizing the service. (Corp. Code, §§ 1702, subd. (a), 17701.16, subd. (c).) The Secretary of State is then required to give notice of the process by forwarding it to the corporation's or limited liability company's principal office by registered mail. (Corp. Code, §§ 1702, subd. (b), 17701.16, subd. (d).) The Corporations Code provides that service in this manner "shall be deemed complete on the 10th day after delivery of the process to the Secretary of State." (Corp. Code, §§ 1702, subd. (a), 17701.16, subd. (c).)

On February 22, 2021, Gonzalez filed proofs of service indicating that the summons, first amended complaint, and order authorizing service for both Respondents were delivered to the Secretary of State on January 21, 2021. Respondents failed to respond to the complaint and default was entered against them on May 3, 2021.

On June 1, 2021, Respondents filed a motion to set aside the default. They argued the default was void under section 473, subdivision (d), because

4

the Secretary of State delayed three months before forwarding the process to them. In support of this argument, Respondents submitted the envelopes and cover letters from the Secretary of State showing the documents were mailed by certified mail on April 29, 2021. They also argued the default should be set aside under section 473.5 because they did not have actual notice of the lawsuit until they received the summons from the Secretary of State on May 3, 2021—the same day their default was entered. Finally, they argued discretionary relief was warranted under section 473, subdivision (b), due to "mistake, inadvertence, surprise, or excusable neglect," arguing that the mistake was in Gonzalez filing what Respondents considered to be premature proofs of service.

Gonzalez opposed Respondents' motion, arguing that he strictly complied with service under the Corporations Code. Regardless of when the Secretary of State forwarded the process to Respondents, the Secretary of State's cover letter acknowledged that the documents were delivered to it on January 21, 2021. Pursuant to statute, service was deemed complete 10 days later, on January 31, 2021. Therefore, the default entered on May 3, 2021, was not void due to improper service under section 473, subdivision (d). As for Respondents' claim that they did not have actual notice of the lawsuit in time to defend it, Gonzalez submitted evidence showing that as early as January 2021, his attorney mailed court documents to Respondents' agent for service of process to the 9660 Telstar Avenue address, which is the same address as both Respondents' principal office, and the same address that the Secretary of State mailed the process to. Gonzalez asserted Respondents did not submit sufficient evidence establishing that they did not have actual notice of the lawsuit in time to defend it to warrant setting aside the default under section 473.5. Finally, Gonzalez argued Respondents failed to present

5

any evidence that the default was entered because of mistake, inadvertence, surprise, or excusable neglect to warrant discretionary relief under section 473, subdivision (b).

B.

After a hearing, Judge Ronald Johnson rejected each of Respondents' arguments and denied their motion to set aside the default. Judge Johnson issued a written order on July 29, 2021, with the following findings:

1. Service of process was legally effected against defendants COLLECT ACCESS, LLC and ZEE LAW GROUP, P.C. on January 21, 2021 and the service was complete ten days later on January 31, 2021. (Cal. Corp. C. §§ 1702(a) & 17701.16(c).) As a result, the defaults entered on May 3, 2021 are not void pursuant to Code of Civil Procedure Section 473(d);

2. Defendants COLLECT ACCESS, LLC and ZEE LAW GROUP, P.C. did not present sufficient evidence to support their argument that they had no actual notice of the lawsuit and they did not present, with their motion, a copy of a proposed pleading or motion pursuant to Code of Civil Procedure Section 473.5(b);

3. Defendants COLLECT ACCESS, LLC and ZEE LAW GROUP, P.C. did not present sufficient evidence to support their argument that the defaults were entered as a result of mistake, inadvertence, surprise or excusable neglect and they did not present a copy of a proposed answer or other pleading pursuant to Code of Civil Procedure Section 473(b);

For reasons unclear from the record, a different judge was assigned to the case before the judgment was entered. Judge Manuel Bustamante Jr. entered judgment on August 4, 2022, against Respondents and awarded Gonzalez damages, attorney fees, and costs. Gonzalez served the notice of entry of judgment on August 9, 2022.

6

C.

On September 8, 2022, Respondents filed a second motion, this time seeking to set aside the default *and* the default judgment.  Respondents made the same arguments based upon the same facts as in their first motion to set aside the default.

In opposition, Gonzalez argued Respondents' second motion was a renewed motion that did not meet the requirements of section 1008, subdivision (b), because it did not present new or different facts.  He also argued the motion was still not supported by competent evidence.

In reply, Respondents argued the second motion was not a renewed motion because the first sought to set aside the default while the second sought to set aside the default and the judgment, therefore the second motion was not seeking the same order.

D.

After a hearing, Judge Bustamante granted Respondents' motion and set aside the default and default judgment on October 26, 2022.  Judge Bustamante acknowledged that Respondents' motion to set aside the default was previously denied more than a year prior, but did not address Gonzalez's argument regarding section 1008.  He quoted Judge Johnson's specific findings but viewed the evidence and the application of the Corporations Code differently, and made opposite findings.  Judge Bustamante acknowledged that Gonzalez delivered the process to the Secretary of State on January 21, 2021, and that the Corporations Code provides that service is deemed completed 10 days later, on January 31, 2021.  Regardless, the court found that because the Secretary of State did not forward the documents to Respondents until April 29, 2021, service should be deemed complete 10 days after that date, on May 9, 2021.  The court concluded the May 3, 2021 default

7

was entered prior to Respondents' statutory timeframe to respond, rendering the default and default judgment void pursuant to section 473, subdivision (d). The court also found Respondents provided sufficient evidence that they did not receive actual notice in time to defend the action, warranting relief from default under section 473.5.

## II.

On appeal, Gonzalez argues the court lacked jurisdiction to hear the second motion to set aside because it was a renewed motion that did not comply with the requirements of section 1008, subdivision (b). We conclude Respondents' second motion to vacate was both a motion for reconsideration and a renewal motion. Respondents' failure to comply with section 1008's requirements deprived the lower court of jurisdiction to reach the merits of the second motion.

## A.

Section 1008 represents the Legislature's goal to limit "repetitive motions." (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1103.) Section 1008 does not govern all repetitive motions but instead circumscribes a court's "jurisdiction" over "applications for reconsideration of its orders and renewals of previous motions." (§ 1008, subd. (e).) It thus creates two distinct subclasses of repetitive motions: motions for reconsideration, and renewals of previous motions. Motions for reconsideration are regulated by section 1008, subdivision (a), which requires that any such motion be (1) filed within 10 days after notice of entry of the order of which reconsideration is sought, (2) supported by new or different facts, circumstances, or law, and (3) accompanied by an affidavit detailing the circumstances of the first motion and what new or different facts, circumstances, or law are claimed to

8

be shown.  Renewed motions are governed by section 1008, subdivision (b), which echoes the latter two requirements, but does not impose a time limit.

B.

Respondents do not dispute, and therefore concede, their second motion was not supported by new or different facts, circumstances, or law.  Instead, relying on *Standard Microsystems*, they argue their second motion need not meet the requirements under section 1008 because the first motion sought to set aside the default, while the second motion sought to set aside the default *and* default judgment.  We find *Standard Microsystems* to be distinguishable.

In *Standard Microsystems*, two corporations that were located outside the United States were served with a complaint by mail.  (*Standard Microsystems*, *supra*, 179 Cal.App.4th at p. 874.)  Their California attorney advised them (incorrectly) that service was ineffective and that they need not respond to the complaint, and the plaintiff secured both the defendants' defaults.  (*Id.* at pp. 874–876, 897.)  That same attorney filed motions to set aside the defaults pursuant to the discretionary relief provision of section 473, subdivision (b), which allows relief from a judgment, dismissal, or order taken through a party's mistake, inadvertence, surprise, or excusable neglect.  (*Id.* at pp. 877, 879.)  Defendants' representative declared that he held a " 'reasonable belief that service was defective.' " (*Id.* at p. 878.)  There was no suggestion this belief originated with defendants' attorney nor did the motion suggest the defaults were the result of neglect or mistake by counsel.  (*Ibid.*)  The court denied relief, stating "Defendants' mistaken belief that service was improper does not amount to excusable neglect." (*Id.* at p. 879.)  After a prove-up hearing, the court entered judgment.  (*Ibid.*)

The defendants hired new counsel, who moved for relief from both the defaults and default judgments pursuant to the mandatory relief provisions

9

of section 473, subdivision (b), which mandates relief from a default or default judgment upon a showing of attorney fault. (*Standard Microsystems*, *supra*, 179 Cal.App.4th at p. 880.) Accompanying this new motion was an affidavit from the defendants' prior attorney admitting fault. (*Ibid*.) The motion sought discretionary relief in the alternative. (*Ibid*.) The trial court denied the motion, concluding (1) the defendants had not made a sufficient showing for mandatory relief, and (2) the alternative motion for discretionary relief from default and default judgment was an improper motion for reconsideration of the trial court's previous denial of the motion for relief from default. (*Id.* at p. 884.)

The Court of Appeal reversed, concluding that the undisputed facts established the attorney fault necessary to trigger a right to mandatory relief and that section 1008 did not bar the second motion for relief on this basis. (*Standard Microsystems*, *supra*, 179 Cal.App.4th at p. 873.) Crucially, in finding the defendants' second motion was not within the ambit of section 1008, the court noted the distinct factual and legal grounds behind the two motions. The court reasoned that "merely asking the court to grant relief that is *inconsistent with* a prior order, whether by the same or a different judge, is not a 'motion for reconsideration' " and declined to view the second motion as such because to the extent the defendants' second motion relied upon the mandatory provisions of section 473, subdivision (b), it did not ask the court to reconsider its previous order denying relief under the discretionary provisions of that statute. (*Id.* at pp. 890–891.) In fact, "[t]he second motion rested on an entirely different legal theory, invoked a different statutory ground, and relied in very substantial part on markedly different facts. It neither asked for, nor sought by sly evasion, a determination contrary to any determination made in the first order." (*Id.* at p. 891.)

10

Next, the court acknowledged that the second motion arguably constituted a renewal of the first because it "sought 'the same order' as the first insofar as both asked the court to direct that the default have no further effect." (*Standard Microsystems*, *supra*, 179 Cal.App.4th at p. 891.) However, the court was reluctant to determine that a second motion "rest[ing] on entirely distinct factual and legal predicates" could ever be described as soliciting " 'the same order.' " (*Ibid.*) The court moved on, "[a]ssuming (without deciding) that defendants' second motion sought the 'same order' as the first *in part*," and addressed what effect the overlap should have. (*Id.* at p. 892.) The court concluded that "assuming the second motion was a renewal of the first motion insofar as it sought relief from the underlying default, it was not barred by that fact, in whole or part, because the relief thus sought was ancillary to, and would be necessary to carry into effect, the order vacating the judgment, which was subject to no such constraint." (*Id.* at p. 893.)

Here, unlike in *Standard Microsystems*, both of Respondents' motions relied on the same facts and legal bases. In *Standard Microsystems*, the defendants sought relief from default on one ground and then sought relief from default and default judgment on "entirely distinct factual and legal predicates." (*Standard Microsystems*, *supra*, 179 Cal.App.4th at p. 891.) Because those new factual and legal grounds warranted relief from default judgment, the court reasoned that the overlap in setting aside the underlying default did not preclude such relief. (*Id.* at p. 892.) As part of its reasoning, the court emphasized that the second motion "neither sought reconsideration nor the issuance of an order the court had previously declined to grant." (*Id.* at p. 873.) Respondents here did just that—they used the *same* facts and legal grounds to set aside the default judgment in order to obtain ancillary

11

relief from the underlying default, which was previously denied on the same grounds. Judge Bustamante viewed the evidence and the application of the Corporations Code differently; however, he lacked jurisdiction to reach a different conclusion. Unlike the defendants in *Standard Microsystems*, Respondents "sought by sly evasion, a determination contrary to [a] determination made in the first order." (*Id.* at p. 891.)

In sum, we conclude Respondents' second motion was both a motion for reconsideration and a renewal motion barred by section 1008. If Respondents wanted to challenge the trial court's findings in denying them relief from default, they could have appealed the ensuing judgment. (*Winter v. Rice* (1986) 176 Cal.App.3d 679, 682.)

### III.

The October 26, 2022 order is reversed and the trial court is directed to reinstate the default previously entered on May 3, 2021, and the default judgment previously entered on August 4, 2022. Gonzalez is to recover his costs on appeal.

CASTILLO, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.

12