Filed 11/27/24 Modelos y Diseños Omega S v. Architectural Materials USA CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MODELOS Y DISEÑOS OMEGA S, DE R.L., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ARCHITECTURAL MATERIALS USA, INC. et al., <br><br> Defendants and Appellants. | D083369 <br><br><br><br> (Super. Ct. No. 37-2022-00014140-CU-BC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge. Affirmed.

Gupta Evans & Ayres, Ajay Gupta, and Aurora Gallardo for Defendants and Appellants.

Seltzer Caplan McMahon Vitek and Ricardo Arias for Plaintiff and Respondent.

Modelos y Diseños Omega S, de R.L. (MDO) filed a complaint against Architectural Materials USA, Inc. (AMI), Gregory Romine, and Victor Maple (collectively, Appellants) for breach of contract based on Appellants' failure to

pay amounts due under a 2021 settlement agreement between the parties. Thereafter, counsel for the parties began discussing settlement of the breach of contract suit. Although they had not reached an agreement, Appellants did not file responses to the complaint or timely request extensions of time to do so. Therefore, MDO requested and received entry of default.

Appellants subsequently filed a motion to vacate and set aside the default. After receiving briefing and holding a hearing, the court denied the motion to vacate. Eventually, the court entered a default judgment against Appellants.

Appellants now appeal the trial court's denial of their motion to vacate and set aside the default arguing the court abused its discretion in finding they had not shown surprise or excusable neglect under Code of Civil Procedure[1] section 473, subdivision (b). They further contend the court erred in subsequently entering a default judgment against Romine and Maple because they maintain neither could be held individually liable under the settlement agreement. MDO responds that Appellants forfeited the latter argument by failing to properly raise it below and that the court did not abuse its discretion in denying Appellants' motion.

We agree the court did not abuse its discretion in denying Appellants' motion to vacate the default and conclude Appellants have not demonstrated that we may address their liability argument on appeal of a default judgment. Accordingly, we affirm the judgment.

---

[1]     Statutory references are to the Code of Civil Procedure unless otherwise specified.

2

FACTUAL AND PROCEDURAL BACKGROUND

I.

*The First Action and Settlement Agreement*

In June 2019, Appellants purchased metal panels from MDO for $302,306.83. MDO contends that it completed the contract, but Appellants failed to pay the remaining balance of $125,457.36. In August 2021, MDO sued Appellants alleging the same nine causes of action against each of them.

On December 22, 2021, MDO and Appellants reached a settlement. The settlement agreement called for AMI to pay MDO $100,000 in installments, with the first installment of $15,000 being due on the same day the settlement agreement was executed and the next $15,000 installment due on February 28, 2022. It further included a provision entitling the prevailing party to recover reasonable attorney fees and other fees, costs, and expenses, should a party need to sue to enforce the terms of the settlement agreement.

Appellants made only the first installment payment. Counsel for MDO contacted former counsel for Appellants twice in March 2022 regarding the late payment. Despite Appellants' counsel's reassurance that he would check with his client, no payment was forthcoming.

On April 7, 2022, MDO's counsel sent a letter regarding the past due payment to Appellants' former counsel via certified mail and included a complaint. Appellants' attorney responded that he did not represent Appellants with respect to this new matter and, thus, could not accept service of the complaint on their behalf.

II.

*The Second Action*

On April 15, 2022, MDO filed its complaint for breach of the settlement agreement. After incurring significant challenges and expense, MDO's

3

process server was able to serve all three Appellants. Although the parties' calculations differ, it appears Romine's responsive pleading was due by June 8, 2022, AMI's was due by June 10, 2022, and Maple's was due by June 14, 2022.[2]

Ajay Gupta contacted MDO's counsel, Ricardo Arias, on May 23, 2022, to inform him that Gupta had been retained by AMI, Romine, and Maple and wished to discuss options for resolving the matter. During a phone call the next day, Gupta relayed Appellants' offer of $25,000 to cure the breach and be reinstated into the payment plan. He did not request an extension of time in which to file responsive pleadings.

On June 1, 2022, Arias e-mailed Gupta rejecting the offer and making a counteroffer of $38,000. He stated that the counteroffer was his client's "best and final offer" and that "If your clients do not accept our offer, we will go forward and get a judgment against them." Two weeks later, having heard nothing from Gupta, Arias instructed his legal assistant to prepare and file an entry of default.

On June 20, 2022, Gupta e-mailed Arias that, due to cash flow struggles, the best AMI could do was to pay $15,000 up front. He further stated that he did not expect MDO to be moved by this position, given that it was less than the prior offer, and asked for an extension of one week to file a responsive pleading.

---

[2] Romine was served by substituted service on April 29, 2022, when the documents were left with his receptionist. AMI's agent for service of process was personally served on May 11, 2022, and Maple was personally served on May 15, 2022. Pursuant to sections 412.20 and 430.40 and California Rules of Court, rule 3.110(d), AMI and Maple had 30 days to respond, while Romine was afforded an extra 10 days under section 415.20.

4

## III.

*Entry of Default*

Gupta did not hear back from Arias, but about an hour later, the default was entered, and copies were mailed to the three Appellants at their last known addresses (which included the agent for service of process for AMI). There is no indication in the record that Gupta was served or notified.

On June 27, 2022, Gupta e-mailed Arias requesting that MDO stipulate to set aside the default. He followed up on July 6, 2022, and indicated he would file a motion to vacate if he did not hear from Arias in the next two days. Arias responded the next day, stating that his client would not stipulate, and pointing out that Gupta had not requested an extension before the time for responding to the complaint had expired.

## IV.

*Motion to Vacate and Default Judgment*

Appellants filed their motion to vacate and set aside the default on July 20, 2022. MDO sought a default judgment on July 29, 2022, and thereafter opposed Appellants' motion. Appellants filed a reply, and the court heard argument on the matter.

On December 22, 2022, the court denied the motion, explaining that it did not find Appellants "delayed responding to the Complaint based upon 'surprise, inadvertence of [*sic*] excusable neglect.'" Additionally, the court stated:

> While settlement negotiations were occurring, the Court does not find that plaintiff or plaintiff's counsel acted in such a manner that encouraged defendants not to file a timely response to the Complaint. In fact, communication from plaintiff's counsel indicated 'If your clients do not accept our offer, we will go forward and get a judgment against them.' Nor did defendant or defense counsel ever request a delay in entry of default or request an extension to file [a] responsive pleading."

In September 2023, MDO filed an ex parte application for a default judgment. The court granted the application and entered the judgment on September 20, 2023.

## DISCUSSION

### I.

### *Motion to Vacate the Default*

An order denying a motion to vacate a default is not independently appealable but may be reviewed on an appeal from the subsequent judgment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; accord *Gudarov v. Hadjieff* (1952) 38 Cal.2d 412, 418 and *Winter v. Rice* (1986) 176 Cal.App.3d 679, 682.) The court's " 'ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' " (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)

We find no abuse of discretion in this case. Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Here, as below, Appellants contend the default should have been set aside due to counsel's surprise or excusable neglect.

As to the first argument, Appellants contend counsel was surprised because the parties were in the midst of ongoing and good faith settlement negotiations. However, Appellants cite no authority for the proposition that they may ignore court rules and deadlines simply because the parties are discussing settlement. The law is clear that the defendant must answer the complaint or file a demurrer within 30 days after service of the complaint.

6

(§§ 412.20, subd. (a)(3) [answer or demurrer]; 430.40 [demurrer]; Cal. Rules of Court,[3] rule 3.110(d) [both].) Although "[t]he parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint[,]" Appellants' did not request such a stipulation prior to the expiration of the 30-day response period. They also did not separately make a timely request to the court for an extension of time to respond. (Rule 3.110(e) ["An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed"].) And, as the court noted, Appellants point to no evidence that MDO or its counsel gave them reason to believe they did not need to file a timely response. As a result, they had no basis for believing they would be excused from any consequences resulting from their failure to respond. Furthermore, referring to the status of the settlement negotiations as proceeding in "good faith" was somewhat disingenuous at that point. MDO warned Appellants on June 1, 2022, that it would seek a judgment against Appellants if they did not accept MDO's final counteroffer of $38,000. In response, Appellants waited until six days *after* the deadline for serving the last responsive pleading had passed and then offered $10,000 *less* than their initial offer.

Appellants' counsel, who repeatedly stressed his long experience in the profession, also should not have been surprised that MDO sought entry of default. Rule 3.110 provides: "If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an order to show

___

3    Subsequent references to rules are to the California Rules of Court unless otherwise specified.

7

cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default." (Rule 3.110(g).) Thus, Appellants' request for entry of default 10 days after the time when Romine and AMI's responsive pleadings were due[4] and eight days after Maple's response was due was in keeping with its obligations under the California Rules of Court.

We likewise conclude the court did not abuse its discretion in finding that counsel failed to demonstrate excusable neglect. Appellants argue "the timing, context and phrasing" of Arias's June 1, 2022 e-mail to Gupta did not constitute sufficient notice that MDO intended to seek a default and that, even if it did, Gupta's failure to read it as such constituted excusable neglect. "In determining whether the attorney's mistake or inadvertence was excusable, 'the court inquires whether "a reasonably prudent person under the same or similar circumstances" might have made the same error.' " (*Zamora, supra,* 28 Cal.4th at p. 258, italics omitted.) Here, Appellants focus entirely on the language of the e-mail without reference to the relevant context. As explained *ante*, the statutory and court rules made clear when Appellants' responsive pleadings were due and when MDO was required to seek a default should they fail to respond. The rules also state that a plaintiff must first seek entry of default before requesting a default judgment. (§ 585, subd. (a); rule 3.110(h).) Against this backdrop, it is readily apparent what MDO's counsel intended when he stated that the $38,000 counteroffer was his client's "best and final offer" and that "[i]f your clients do not accept our offer, we will go forward and get a judgment against

---

4     Ten days from June 8, 2022, the date on which Romine's responsive pleading was due, was June 18, 2022. Because this was a Saturday, the request for entry of default would have been due on June 20, 2022. (Rule 1.10(a).)

them." Thus, it was reasonable for the court to impliedly conclude that a reasonably prudent person under these circumstances was not likely to have made the same error.

Appellants rely heavily on the case of *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127 (*Lasalle*) in arguing MDO's counsel breached his ethical duty to cooperate and warn them he intended to seek a default. In our view, Appellants' claim that *LaSalle* is indistinguishable from the instant case could not be further from the truth.

In *Lasalle*, attorney Joanna Vogel had represented Angele Lasalle in the dissolution of a domestic partnership. (*Lasalle*, *supra*, 36 Cal.App.5th at p. 131.) Lasalle repeatedly failed to provide discovery, the court defaulted Lasalle as a terminating sanction, and Lasalle subsequently sued Vogel for legal malpractice, alleging she had not kept Lasalle informed of discovery orders. (*Ibid.*)

Vogel did not timely respond to the malpractice complaint. (*Lasalle*, *supra*, 36 Cal.App.5th at p. 131.) On the 36th day after Vogel's responsive pleading was due, Lasalle's attorney sent her a letter and e-mail stating that her responsive pleading was past due and threatening to request entry of a default unless he received a responsive pleading by the close of business the next day, which was a Friday. (*Ibid.*) When counsel had not heard from Vogel by 3:00 p.m. the following Monday, he filed a request for entry of default. (*Ibid.*)

Vogel quickly found an attorney and filed a motion to set aside the default with her proposed answer attached. (*Lasalle*, *supra*, 36 Cal.App.5th at p. 131 & fn. 4.) In her motion, she explained that, when served with the complaint, she was in the middle of representing several family law clients, single parenting, her own divorce, and a default on her personal residence

9

caused by her husband's failure to pay taxes. (*Id.* at p. 131, fn. 4.) She represented that she had contacted Lasalle's attorney to request a brief extension of time to respond but had not heard back. (*Ibid.*) The court denied the set-aside motion and ultimately entered a default judgment for one million dollars. (*Id.* at p. 132.)

In concluding the trial court abused its discretion in not setting aside the default, the court emphasized counsel's ethical obligation to warn opposing counsel before seeking a default and to " 'cooperate in bringing the action to trial or other disposition.' " (*Lasalle, supra,* 36 Cal.App.5th at p. 137 citing § 583.130.) It cautioned that "[q]uiet speed and unreasonable deadlines do not qualify as 'cooperation' and cannot be accepted by the courts." (*Lasalle,* at p. 137.) As applied to the case before it, the court found significant that Lasalle's counsel provided Vogel with an unreasonably "short-fuse deadline," and that Lasalle would not have suffered prejudice had the court set aside the default. (*Id.* at pp. 138–139.) The court also explained that, unlike in the case of a "simple debt collection[,]" a malpractice suit would require litigation of complex damages issues and, thus, was not suited for a default. (*Id.* at p. 139.) Vogel also had a plainly meritorious defense in that the judgment included emotional distress damages that were contrary to law. (*Ibid.*) Finally, the reviewing court expressed its disappointment that the trial court did not consider Vogel's explanation of her circumstances to be adequate justification. (*Id.* at p. 140.)

By contrast, the instant case did involve a "simple debt collection" based on a debt incurred in 2019 and indisputably due under the settlement agreement since February 2022. Arias did not provide unreasonably short notice of his intent to pursue a default and default judgment. Rather, he e-mailed Gupta on June 1st, well before Appellants' June 10th and 14th

10

deadlines for filing responsive pleadings, and 19 days before the court ultimately entered the default. He also did not rush to enter default with "quiet speed." Instead, he waited the full 10 days allowed under rule 3.110(g) after Romine and AMI's responsive pleadings were due to seek default.

Unlike Vogel, Appellants provided no justification other than surprise that counsel did not extend the professional courtesy of allowing them to flout deadlines without consequences. They also did not attach their responsive pleading to the set-aside motion. Section 473 requires that an application for relief from a default "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted." (§ 473, subd. (b).)

Accordingly, we conclude the court did not abuse its discretion in denying Appellants' motion to vacate or set aside the default.

## II.

### *Appellants' Contention That the Court Erred in Entering Default Judgment as to Romine and Maple*

Appellants argue on appeal that the default judgments against Romine and Maple are not supported by sufficient evidence because these individuals

11

have no liability under the settlement agreement.[5]  Appellants rely on *Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333 (*Siry*), wherein the court impliedly accepted the lower court's conclusion that "[e]ven a defaulting defendant who has no right to participate at a prove-up hearing nevertheless may *appeal* the resulting default judgment on grounds that a *damages award* '(1) "is so disproportionate to the evidence as to suggest that the verdict was the result of passion, prejudice or corruption" [citation], (2) "is so out of proportion to the evidence that it shocks the conscience of the appellate court" [citation], or (3) is "contrary to law" [citation].' " (*Id.* at p. 343, second italics added.)  However, Appellants do not provide authority or explanation clarifying which provision of this standard they rely upon, how this standard

---

[5]    MDO contends Appellants forfeited this argument because it was presented for the first time on appeal and only briefly mentioned in their reply brief below.  We decline to find forfeiture because the court was tasked only with addressing whether Appellants should be relieved from the entry of default due to "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)  In other words, Appellants were not required to present arguments to the court at that stage regarding whether Romine and Maple should be included in any default judgment that might subsequently be entered.  The only reason Appellants mentioned the issue in their reply brief below was that MDO had argued Appellants failed to claim they had a meritorious defense.  However, not since section 473 was amended in 1981 has a defendant moving to set aside a default been required to show evidence of a meritorious defense. (*Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 789.)

should be applied to the facts of this case, or why we may grant relief on appeal.[6]

"A defendant's failure to answer the complaint has the same effect as admitting the well-pleaded allegations of the complaint, and as to these admissions *no further proof of liability is required.*" (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 898; see also § 431.20, subd. (a) ["Every material allegation of the complaint . . . not controverted by the answer, shall, for the purposes of the action, be taken as true"].) Contentions advanced on appeal as to the merits of the action filed by the plaintiff "are both substantively and procedurally barred" by entry of a default judgment. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823; accord *Siry*, *supra*, 13 Cal.5th at p. 368 (conc. opn. of Groban, J.) [explaining that, because a default judgment was entered in the plaintiff's favor, "Defendants were deemed to have admitted all material allegations in plaintiff's complaint" and thus "the majority opinion rightly d[id] not analyze in depth the elements required to establish a violation of [Penal Code] section 496, subdivision (a)"].) "Thus, in a default situation such as this, if the complaint properly states a cause of action, the only additional proof required for the judgment is that needed to establish the amount of damages." (*Carlsen*, at

---

[6]    Appellants also cite section 657, subdivisions 5 and 6, presumably for the insufficiency of the evidence standard, because subdivision 6 allows the trial court to vacate a verdict based on "[i]nsufficiency of the evidence to justify the verdict or other decision, or [when] the verdict or other decision is against law." (§ 657, subd. (6).) However, this section only applies when a motion for a new trial was made in the trial court. The court in *Siry* addressed this provision because the defaulted defendants in that case sought a new trial and the question on appeal was whether they had standing to do so. (*Siry*, *supra*, 13 Cal.5th at pp. 343–346.) Appellants did not file such a motion below in the instant case.

13

p. 898.) "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ."[7] (§ 580, subd. (a).)

Thus, it appears that when, as here, the defendants have not timely responded to the complaint and a default has been entered, the only issue left for the court to determine at the prove-up hearing is the appropriate amount of damages. Nonetheless, Appellants do not challenge the *amount* of the damages award; instead, they contend "Maple and Romine had no obligations to MDO under the 2021 Settlement and, therefore, simply *could not have breached* the agreement." (Italics added.) What is lacking from their brief is any authority for the assertion that we may reach this merits issue on appeal of a default judgment. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*Id.* at

_____

7    Section 585 similarly focuses on damages, stating that "the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant or defendants, so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint . . . , or a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant, or defendants, or against one or more of the defendants." (§ 585, subd. (a).)

14

p. 287.)  Appellants have not met their burden here.  Instead, they claim without support that we may interpret the terms of the settlement agreement and determine whether Romine and Maple breached the agreement.  Absent authority that we may address liability issues on appeal of a default judgment, we decline to do so.

### DISPOSITION

The judgment is affirmed.  MDO is entitled to its costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


KELETY, J.